Jeff **HUDSON**, Appellant,

v.

Alfredo **VASQUEZ**, Appellee.

No. 13–96–528–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 6, 1997.

Richard D. Naylor, Chief, Highway Division, Attorney General's Office, Austin, for appellant.

Thomas M. Schumacher, Corpus Christi, for appellee.

Before DORSEY, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

CHAVEZ, Justice.

Appellant, Department of Public Safety Officer Jeff Hudson, appeals from the trial court's granting of only a partial summary judgment in his favor. Appellee Alfredo Vasquez brought several causes of action against Hudson arising out of Hudson's arrest of Vasquez. Hudson moved for summary judgment which was granted on all claims against him except appellee's claims for assault and violation of appellee's civil rights. Hudson appeals, arguing in two points of error that the trial court erred in denying his motion for summary judgment on the assault claim and the civil rights claim

because he is entitled to official immunity from these claims.

Hudson, an officer with the Department of Public Safety, was dispatched to provide backup assistance on a domestic disturbance call. When Hudson arrived, he saw Taylor, a deputy sheriff, talking to Vasquez. Two other police officers, Patrolman Rodriguez and Constable Candelaria, were also at the house. Vasquez, who admitted to having been in a fight, was cut on his face, had blackened eyes, and appeared to be intoxicated. What happened next is disputed by the parties. According to Hudson, Vasquez started to walk away but was stopped by Deputy Taylor, who told Vasquez he was under arrest. Vasquez resisted Taylor, yelling that he wouldn't go and trying to pull away from his grasp. Vasquez had his left arm free and appeared as if he might strike Taylor. Hudson intervened by grabbing Vasquez's arm, and Vasquez began resisting more violently. Hudson said he pulled Vasquez's arm behind him and pushed him towards a patrol car in order to secure and handcuff him, with Vasquez continuing to shout and push in resistance. When Vasquez complained that his left elbow had been hurt, Hudson immediately removed the handcuff from his left hand and called ahead to the police station so that medical personnel could be waiting to examine Vasquez.

According to Vasquez, Constable Candelaria told him that he would not be arrested and directed him to go home. Vasquez was walking away by himself, not yet in the direction of his car, when Hudson grabbed him without warning or provocation. Hudson pushed him toward a patrol car and yanked his left arm behind his back with such force that his elbow was broken. Vasquez said in his affidavit that Hudson moved against him so quickly that he never had a chance to resist him. Vasquez insists that Deputy Taylor was not trying to arrest him when Hudson grabbed his arm, and that he never tried to hit any of the police officers. When he told Hudson that his elbow had been hurt, Hudson only laughed at him.

Appellant's first point of error argues that the trial court erred in denying his motion for summary judgment on appellee's assault

claim. Appellant argues that appellee's claim for assault is barred because summary judgment on this claim has been granted in favor of his employer, the Department of Public Safety, citing Section 101.106 of the Civil Practice and Remedies Code.[1]

■ However, we do not have jurisdiction to consider this argument. The statute controlling interlocutory appeals, Section 51.014 of the Civil Practice and Remedies Code, allows for interlocutory appeals only under limited circumstances. The only portion of that rule applicable to this case provides:

A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

(5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state;

TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon supp.1997). Since Section 101.106 is not concerned with the immunity of individual government employees or any other issue covered by Section 51.014, any argument based on that statute is not amenable to our review at this time. *Newman v. Obersteller*, 915 S.W.2d 198, 200–01 (Tex.App.—Corpus Christi 1996, n.w.h.). However, section 51.014(5) does provide courts of appeals with authority to consider appeals based on the immunity of individual state employees to claims brought under both state and federal law. *See, e.g., Spacek v. Charles*, 928 S.W.2d 88, 91 ((Tex.App.—Houston [14th dist.] 1996, writ dism'd w.o.j.) (section 51.014(5) allows interlocutory appeal of immunity of state employee against both state and federal claims).

■ Texas law grants government employees official immunity from suits arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). Vasquez chal-

lenged Hudson's claim to official immunity on the grounds that Hudson was not acting within the scope of his authority and was not acting in good faith. Vasquez did not dispute that Hudson's actions in this case involved the performance of discretionary duties.

■ The parties do dispute whether Hudson was acting in good faith. In order to establish the "good faith" element of his claim to summary judgment based on official immunity, Hudson was required to prove that a reasonably prudent police officer could have believed that the force used was necessary. *City of Lancaster*, 883 S.W.2d at 656; *City of Beverly Hills v. Guevara*, 911 S.W.2d 901, 904 (Tex.App.—Waco 1995, no writ); *Victory v. Bills*, 897 S.W.2d 506, 509 (Tex. App.—El Paso 1995, no writ).

■ Appellant argues that the appellee has waived any claim that Hudson did not act in good faith by stating in his pleading "at all times relevant to this cause of action, Defendant Hudson was not acting in bad faith." However, that statement appears in appellee's pleading under his second cause of action based on violation of his civil rights, not under his cause of action for assault. The Texas Rules of Civil Procedure allow parties to plead in the alternative, even if the pleadings contain multiple claims which are inconsistent with each other. TEX.R. CIV. P. 48. Accordingly, appellee has not waived his claim that appellant did not act in good faith under his assault cause of action.

A movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When reviewing an order on a motion for summary judgment, we indulge every reasonable inference in favor of the non-movant, and take all evidence favorable to the nonmovant as true. *Id.*

The facts of this case are very similar to those of *Victory v. Bills*, 897 S.W.2d 506

---

1. Section 101.106 of the Civil Practice and Remedies Code provides:

A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claim-

ant against the employee of the governmental unit whose act or omission gave rise to the claim.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 1986).

(Tex.App.—El Paso 1995, no writ). In that case, the crucial issue for determining whether a reasonable police officer could have believed that the force used was necessary was whether the plaintiff had resisted arrest. The parties' affidavits squarely contradicted each other on that issue, with the police officer's affidavit stating that the plaintiff had resisted arrest, while the plaintiff's affidavit stated that he had not. The court of appeals determined that this factual conflict precluded summary judgment. *Id.* at 509–10.

■ In this case as well, the parties' affidavits directly contradict each other on crucial facts. Vasquez says that he was told that he would not be arrested and that Taylor never touched him until Hudson already had the handcuffs on him; Hudson says that Deputy Taylor was struggling to arrest Vasquez when he intervened. Hudson says Vasquez was resisting arrest, Vasquez insists he was not. If we indulge every inference in favor of Vasquez and take all the evidence favorable to him as true, then we agree with the trial court that Hudson has failed to establish as a matter of law that a reasonable police officer could have believed the force he used was necessary.

■ Appellant contends that the trial court improperly refused to consider the affidavit of Major E.C. Sherman, who offered his expert opinion that Hudson's actions were taken in good faith and were reasonable under the circumstances. Appellant further contends that the lay opinions of Vasquez were insufficient to controvert Sherman's expert opinion, and that the appellee was required to present controverting expert testimony to avoid summary judgment. However, even if Sherman's affidavit were proper summary judgment evidence that should have been considered by the trial court, Sherman's affidavit is insufficient to eliminate the factual dispute between Vasquez's version of the events and Hudson's version of the events. Appellant argues that Sherman's expert evidence required the appellee to present controverting expert testimony of his own. But while Sherman is an expert on the use of force in police procedures, he is not an expert on the facts of what happened at the house when Hudson

arrested Vasquez. Sherman was not present when Hudson arrested Vasquez. Sherman's affidavit states that "I have reviewed a video tape along with several documents and reports which I have used to formulate my opinion." Although appellant has failed to make the video tape part of the record on appeal, it is undisputed that the only video tape made in connection with Vasquez's arrest was made at the police station after Vasquez had been arrested. Sherman's affidavit is unable to resolve the fundamental dispute between Vasquez's version of the events surrounding his arrest and Hudson's version of the events surrounding the arrest. Appellant's first point of error is overruled.

■ Appellant also appeals the denial of his motion for summary judgment on appellee's cause of action for the violation of his civil rights under 42 U.S.C. section 1983. The state law standard for analyzing the "good faith" element of official immunity is "derived substantially from the test that has emerged under federal immunity law for claims of qualified immunity in section 1983 cases." *City of Lancaster v. Chambers*, 883 S.W.2d at 656. However, the federal test is nevertheless distinct from the state test, and resolution of state law immunity issues does not resolve federal immunity issues under section 1983. *See Robinett v. Carlisle*, 928 S.W.2d 623, 625 (Tex.App.—Fort Worth 1996, writ denied) (trial court erred by applying state law analysis to section 1983 claim). Claims founded on section 1983 which involve the use of excessive force by law enforcement officers in making an arrest are analyzed under the Fourth Amendment and its "unreasonable seizure" standard. *Graham v. Connor*, 490 U.S. 386, 394–95, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989); *City of Lancaster*, 883 S.W.2d at 659. The test of reasonableness under the Fourth Amendment requires consideration of the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest. *Id.* at 396, 109 S.Ct. at 1871–72. To prevail, a plaintiff must show (1) a significant injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness

of which was (3) objectively unreasonable. *Johnson v. Morel,* 876 F.2d 477, 480 (5th Cir.1989).

■ Although appellant has adequately briefed the elements of an unreasonable seizure under the Fourth Amendment on appeal, his motion for summary judgment contains no argument or discussion of these issues. The only discussion of immunity issues in appellant's motion for summary judgment focuses on the state law test expressed in *City of Lancaster.* Rule 166a(c) of the Texas Rules of Civil Procedure unequivocally restricts the trial court's ruling on a motion for summary judgment to issues raised in the motion. TEX.R. CIV. P. 166a(c); *Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993). A summary judgment can not be issued on grounds not expressly set out in the motion. *Id.* Therefore, since appellant's motion failed to expressly set out the grounds on which he sought summary judgment on the section 1983 claim, we overrule appellant's second point of error.

The judgment of the trial court is AFFIRMED.