**CITY OF SAN AUGUSTINE, Appellant,**

v.

**Sharon PARRISH, Will Parrish, and Wendy Parrish Revey, Appellees.**

**No. 12–99–00089–CV.**

Court of Appeals of Texas, Tyler.

Dec. 30, 1999.

Rehearing Overruled Feb. 28, 2000.

Douglas M. Becker, Monte L. Swearingen, Austin, for appellant.

John H. Seale, Jasper, for appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

HADDEN, Justice.

This is an interlocutory appeal from separate orders denying the City of San Augustine's ("the City") plea to the jurisdiction and the City's motion for summary judgment. In issue one, the City contends generally that the trial court erred in denying its plea to the jurisdiction because Appellees' suit against it is barred by the doctrine of sovereign immunity. In issue two, the City argues generally that the trial court erred in denying its motion for summary judgment because Appellees' suit against it is barred by the doctrine of official immunity. We will affirm.

## I. PLEA TO THE JURISDICTION

### A. Sovereign Immunity as a Challenge to Jurisdiction

The City perfected this appeal, in part, pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1999).

Section 51.014(a)(8) states that an interlocutory appeal may be brought from an order denying a "plea to the jurisdiction by a governmental unit." The City's plea to the jurisdiction was based on sovereign immunity. Appellees argue that the City's first issue should be overruled because sovereign immunity may not be used to challenge a trial court's jurisdiction to hear a case against a governmental defendant. Although there has been disagreement among the courts of appeals on this issue, the Texas Supreme Court has recently held that a governmental defendant may challenge a trial court's subject matter jurisdiction by an assertion of sovereign immunity. *See Texas Dept. of Transp. v. Jones*, 8 S.W.3d 636, 638, 1999 Tex. LEXIS 117, at *6 (Tex.1999). Nonetheless, for the reasons discussed below, we conclude that the trial court did not err in denying the City's plea to the jurisdiction.

### B. Standard of Review

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *See Dolenz v. Texas State Bd. of Med. Exam'rs*, 899 S.W.2d 809, 811 (Tex.App.—Austin 1995, no writ). The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject matter jurisdiction. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). When deciding whether to grant a plea to the jurisdiction, the trial court must look solely to the allegations in the petition. *See Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied). The court of appeals must take the allegations in the petition as true and construe them in favor of the pleader. *See Texas Ass'n of Bus.*, 852 S.W.2d at 446. Whether a trial court has subject matter jurisdiction is a question of law and is reviewed *de novo*. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).

### C. Plaintiffs' Allegations

Appellees Sharon Parrish, Will Parrish and Wendy Parrish Revey ("Appellees") brought suit against the City under the Texas Tort Claims Act ("TTCA"). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001 (Vernon 1997 & Supp.1999). In their second amended petition ("petition"), Appellees allege that Jed Parrish was "negligently shot and killed by a San Augustine City Police officer [Brandon Bailey ("Bailey")] who was in the course of his employment with and for the City." Sharon Parrish is the surviving wife of Jed Parrish while Will Parrish and Wendy Parrish Revey are the surviving children of Jed Parrish. Appellees contend that Bailey negligently used tangible personal property, his pistol, when "such use was not reasonable or reasonably necessary to control or subdue a citizen and negligently endangered those in the vicinity." Further, Appellees claim that Bailey acted negligently when he failed to follow provisions contained in the San Augustine Police Department Manual. According to Appellees, such negligence "proximately caused the fatal injuries and damages to the deceased and the Plaintiffs." Appellees also allege that the City negligently trained and supervised Bailey which "proximately caused the fatal injuries and damages to the deceased and the Plaintiffs."

### D. Sovereign Immunity

 The doctrine of sovereign immunity provides that a governmental unit is not liable for the torts of its officers or agents in the absence of a constitutional or statutory provision creating such liability. *See State v. Terrell*, 588 S.W.2d 784, 785 (Tex.1979). The TTCA creates a limited waiver of sovereign immunity for claims arising under specified circumstances. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). Section 101.021 of the TTCA provides that:

A governmental unit in the state is liable for:

(1) property damage, personal injury and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

 (A) the property damage, personal injury or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

 (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by the condition or use of tangible or personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1997). A plaintiff states a cause of action under section 101.021(2) by alleging that his injuries were proximately caused by a governmental employee's negligent use of tangible personal property. *See Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 33 (Tex.1983). In their petition, Appellees allege that their injuries were proximately caused by Bailey's negligent use of tangible personal property— his pistol. However, even if a waiver of immunity may be established under section 101.021, the TTCA sets forth certain exemptions which will maintain the governmental unit's sovereign immunity. *See Delaney v. University of Houston*, 835 S.W.2d 56, 58 (Tex.1992).

 In issue one, the City argues that the trial court lacked subject-matter jurisdiction because:

(1) the TTCA does not waive sovereign immunity for claims arising out of intentional torts, TEX. CIV. PRAC. & REM.CODE ANN. § 101.057 (Vernon 1997);

(2) the TTCA does not waive sovereign immunity for claims based upon the "method of providing police ... protection," TEX. CIV. PRAC. & REM.CODE ANN. § 101.055(3) (Vernon 1997); and

(3) the TTCA does not waive sovereign immunity as to a claim that a governmental unit failed to perform an act that it is not required by law to perform, or for a failure to act if the performance or ·non-performance is left to the discretion of the entity, TEX. CIV. PRAC. & REM.CODE ANN. § 101.056 (Vernon 1997).

The City contends that the "record below establishes that the conduct of which the Parrish family complains was intentional, not negligent." More specifically, the City argues that Appellees' claim focuses on Bailey's alleged use of excessive force, which constitutes an intentional tort. To support its argument, the City primarily relies upon Bailey's affidavit, which was attached to the City's motion for summary judgment, and the affidavit of Sharon Parrish, which was attached to Appellees' response to the City's motion. Applying the standard of review applicable to a plea to the jurisdiction, we conclude that the City's reliance on these affidavits is improper.

The Eastland Court of Appeals has explained the appellate court's role in reviewing a plea to the jurisdiction:

[O]ur review is limited strictly to the allegations in the petition. A plea to the jurisdiction is determined solely from a review of the plaintiff's pleading. Our task at this juncture is not to determine whether appellant ultimately wins or loses . . .; but, rather, our task is to examine the petition, to take as true the facts pleaded, and to determine whether those facts support jurisdiction in the trial court. The allegations in that pleading are to be construed in favor of the plaintiff.

*Hernandez v. Texas Workers' Compensation Ins. Fund,* 946 S.W.2d 904, 906 (Tex. App.—Eastland 1997, no writ). Having reviewed Appellees' petition and applying the standard set forth above, we cannot conclude that the facts alleged in that pleading establish that Bailey's conduct was intentional, rather than negligent. Even if we were to conclude that the facts alleged in the petition demonstrate that Bailey's conduct constituted an intentional tort, that would not necessarily deprive the trial court of jurisdiction to hear Appellees' claim that the City acted negligently in training and supervising Bailey. *See Young v. City of Dimmitt,* 787 S.W.2d 50, 51 (Tex.1990); *Medrano v. City of Pearsall,* 989 S.W.2d 141, 144 (Tex.App.—San Antonio 1999, no pet.); *Petta v. Rivera,* 985 S.W.2d 199, 206 (Tex.App.—Corpus Christi 1998, no pet.).

▆▆▆ The City contends that *Medrano* and *McCord v. Memorial Medical Center Hosp.,* 750 S.W.2d 362 (Tex.App.—Corpus Christi 1988, no writ) support its contention that Bailey's conduct was intentional. ·We disagree. These cases involved a governmental unit's motion for summary judgment based on an absence of a waiver of sovereign immunity. In the summary judgment context, the trial and appellate courts may look to the evidence contained in the summary judgment record to determine if the plaintiff's cause of action falls within the limited waiver of sovereign immunity provided by the TTCA. Moreover, to defeat summary judgment, a plaintiff may be required to present evidence demonstrating a waiver of sovereign immunity. In contrast, a plea to the jurisdiction is determined solely from the allegations contained in the petition. For the foregoing reasons, we hold that section 101.057 does not bar Appellees' suit.[1]

1. We note that in its motion for summary judgment, which will be discussed in more detail below, the City did assert that sovereign immunity was not waived because Bailey's conduct was intentional. An appellate court may not review an assertion of sovereign immunity in a motion for summary judgment that is not based on official immunity by interlocutory appeal. Thus, the City does not argue that the trial court erred in failing to grant summary judgment on this basis. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon Supp.1999); *see City of Columbus v.*

We also disagree with the City's assertion that the "police-protection exemption" found in section 101.055(3) bars Appellees' suit. This exemption to the waiver of sovereign immunity distinguishes between the negligent formulation of policy and the negligent implementation of policy. While a governmental unit is immune from liability for the negligent formulation of policy, the negligent implementation of policy will subject a governmental entity to liability. *See Terrell,* 588 S.W.2d at 787–88; *Alvarado v. City of Brownsville,* 865 S.W.2d 148, 155 (Tex. App.—Corpus Christi 1993), *rev'd on other grounds,* 897 S.W.2d 750 (Tex.1995); *City of Waco v. Hester,* 805 S.W.2d 807, 812–13 (Tex.App.—Waco 1990, writ denied). In their petition, Appellees do not allege that the City's formulation of police department policy was negligent. Rather, Appellees complain that Bailey acted negligently in carrying out policies found in the San Augustine Police Department Manual. Accordingly, we hold that this exemption does not preclude Appellees' suit because the allegations contained in Appellees' petition implicate the negligent implementation of governmental policy.

For similar reasons, we also disagree with the City's contention that the "discretionary exemption" contained in section 101.056 of the TTCA precludes Appellees' suit. The City argues that this exemption applies because the decision of whether or not to train or supervise its peace officers is within a municipality's discretion. Because such a decision is properly within a municipality's discretion, a municipality is not liable for its decision not to train or supervise its peace officers. The City also argues that although Appellees allege that the City "undertook to train" Bailey, no facts have been alleged to support this allegation.

However, the same formulation-implementation analysis used to apply the police-protection exemption is also used to apply the discretionary exemption. *See Barnstone,* 921 S.W.2d 268, 271 (Tex.App.—

*Terrell,* 588 S.W.2d at 787. Appellees do not allege that the City acted negligently in deciding not to train or supervise its police officers. Thus, Appellees' allegations do not implicate the negligent formulation of governmental policy. Instead, construing Appellees' allegations in their favor, they allege that the City undertook to train Bailey by compiling the San Augustine Police Department Manual, but acted negligently in implementing its polices by failing to adequately train and supervise Bailey. Therefore, we conclude that this exemption does not preclude Appellees' suit because the allegations contained in Appellees' petition implicate the negligent implementation of governmental policy. Based on the foregoing, we conclude that Appellees' petition alleges sufficient facts to invoke the jurisdiction of the trial court. The City's first issue is overruled.

## II. Motion for Summary Judgment

### A. Jurisdiction on Appeal

The City's motion for summary judgment was based, in part, on official immunity. The City appeals the denial of its motion for summary judgment pursuant to section 51.014(5) of the Texas Civil Practice & Remedies Code, which permits an interlocutory appeal of a denial of a motion for summary judgment that is based on an assertion of official immunity by a governmental employee. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5) (Vernon Supp.1999).

### B. Standard of Review

The movant for summary judgment has the burden to show that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); Tex.R. Civ. P. 166a(c). When deciding whether there is a Houston [1st Dist.] 1995, no writ).

disputed material fact issue precluding summary judgment, we treat evidence favorable to the non-movant as true and we resolve any doubts in its favor. *See id.* *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). When a defendant moves for summary judgment based on an affirmative defense, such as official immunity, it must conclusively establish each element of the defense as a matter of law. *See City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994).

### C. Official Immunity

In issue two, the City contends that the trial court erred in denying its motion for summary judgment because Appellees' cause of action is barred by official immunity. Official immunity is a common law defense that protects governmental officers and employees from personal liability. *Id.; City of Galveston v. Burns,* 949 S.W.2d 881, 884 (Tex.App.—Houston [14th Dist.] 1997, no writ); Governmental employees are entitled to immunity from suit arising from the performance of (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *See Chambers,* 883 S.W.2d at 653. If an employee is entitled to immunity, then the governmental entity employing the individual is also entitled to immunity. *See City of Houston v. Kilburn,* 849 S.W.2d 810, 811 (Tex.1993). Appellees do not dispute that Bailey was performing a discretionary duty within the scope of his authority. We therefore address only whether Bailey acted in good faith.

### D. Good Faith

Whether a police officer acted in good faith must be measured against an objective standard of reasonableness, without regard to the officer's subjective state of mind. *See Chambers,* 883 S.W.2d at 656. To establish good faith as a matter of law, an officer must show that a reasonably prudent officer, under the same or similar circumstances, could have believed

that his actions were justified. *Id.* Thus, in this case, the issue is whether the City has established, as a matter of law, that a reasonable officer could have believed the force Bailey used was necessary. *See Hudson v. Vasquez,* 941 S.W.2d 334, 338 (Tex.App.—Corpus Christi 1997, no writ); *Victory v. Bills,* 897 S.W.2d 506, 509 (Tex.App.—El Paso 1995, no writ). If an officer presents summary judgment evidence establishing a *prima facie* showing of good faith, the burden then shifts to the plaintiff. *See Chambers,* 883 S.W.2d at 656–57; *Moulton v. Vaughn,* 982 S.W.2d 107, 109 (Tex.App.—Houston [1st Dist.] 1998, pet. denied). To controvert the officer's summary judgment proof on good faith, the plaintiff must do more than show that a reasonably prudent officer could have decided to take a different action; the plaintiff must produce evidence that no reasonable person in the officer's position could have thought that the facts were such that they justified the officer's acts. *See Chambers,* 883 S.W.2d at 657.

To prove Bailey acted in good faith, the City relies on Bailey's affidavit and the affidavit of D.K. Johnson ("Johnson"), Interim Police Chief of the San Augustine Police Department. In his affidavit, Bailey testified that he and another San Augustine police officer, Mike Noll ("Noll"), were in the parking lot of the San Augustine Inn at approximately 1:00 a.m. According to Bailey, he saw Sarah Parrish ("Sarah") run through a hallway along the motel and down the sidewalk screaming with her parents, Jed ("Jed") and Sharon ("Sharon") Parrish, chasing her. As Bailey approached the scene, he saw the parents grab Sarah and push her to the sidewalk. Her mother held her by the left arm and was hitting her in the face. Her father was using his left arm to hold Sarah down and in his right hand he held a long metal flashlight drawn back in a striking position. Bailey told Jed to drop the flashlight several times. When he did not drop the flashlight, he sprayed Jed with pepper spray. Because Sharon would not let go of

Sarah, he sprayed her with pepper spray as well. The spray had no apparent effect on either of them. At that point, Sarah's brother, Will ("Will") Parrish, hit Bailey in the face with brass knuckles. The blow knocked his glasses off and spun his head around. Jed then hit Bailey on top of the head with the flashlight causing Bailey to fall to his knees. Jed proceeded to repeatedly strike Bailey with the flashlight. Believing that he would be knocked unconscious if Jed continued to strike him with the flashlight, he drew his weapon and fired. Jed backed up a few steps, then raised the flashlight and took a step toward Bailey. Bailey then fired again causing Jed to stumble backwards and fall down. Bailey testified that he believed he would have been killed had he not shot Jed, that he used the amount of force necessary under the circumstances and that he acted in good faith. In Johnson's affidavit, Johnson testified that he had reviewed the facts set forth in Bailey's affidavit and that he believed that Bailey's actions were "proper under the circumstances."

Appellees attached the affidavit of Sharon Parrish to their response to the City's motion for summary judgment. In her affidavit, Sharon testified that she and her daughter were employees of the San Augustine Inn. According to Sharon, she and her husband met with Sarah at the inn to discuss her relationship with Bailey. After they talked for a while, Sarah agreed to go home with them. As they were walking, Sarah started running and hollering "Brandon." Without any warning, Bailey fired from behind a car, seven to ten feet away, hitting Jed in the left shoulder. Jed then struck Bailey on the head once with a flashlight. Bailey did not fall down, did not lose his glasses and appeared to be unhurt by the blow. Bailey then shot Jed again from a distance of four feet, hitting him in the chest. Sharon heard Noll holler at Bailey, "What are you doing?" before Bailey's second shot. After the second shot, Noll ordered Bailey to move away from where he was standing and to

sit down fifteen to twenty feet away. Sharon testified that neither she nor her husband struck Sarah, grabbed her, pushed her to the sidewalk, or held her down. She also testified that Jed did not hold a flashlight back in a striking position threatening Sarah. Further, she stated that no one was on the ground when Bailey came up to them, that Sarah was leaving with them voluntarily and they were not fighting with her. Finally, she testified that Will did not hit Bailey with brass knuckles or anything else before Bailey used pepper spray or before Bailey shot Jed.

Assuming, without deciding, that the City's summary judgment evidence establishes a *prima facie* showing of good faith on the part of Bailey, Appellees met their burden of presenting evidence showing that, under their version of events, no reasonable person could have believed that the force Bailey used was necessary. Thus, the City failed to conclusively prove each element necessary for the successful assertion of official immunity. We disagree with the City's contention that Appellees were required to respond to the City's evidence with testimony from a police officer. Any testimony from a police officer would not resolve the fundamental factual conflicts between the City's version of events surrounding the shooting and Appellees' version of events surrounding the shooting. *See Hudson*, 941 S.W.2d at 338; *Beatty v. Charles*, 936 S.W.2d 28, 32 (Tex.App.—San Antonio 1996, no writ). Viewing the evidence in the light most favorable to Appellees, we conclude that the factual dispute presented by the evidence precludes summary judgment for the City based on the defense of official immunity. *See City of Dallas v. Aguirre*, 977 S.W.2d 862, 864 (Tex.App.—Dallas 1998, pet. dism'd) (holding that factual dispute as to whether plaintiff was running from police when he was struck by police cruiser precluded summary judgment based on official immunity); *Hudson*, 941 S.W.2d at 338 (holding that officer failed to

establish that he acted in good faith when factual dispute existed on whether and to what extent suspect resisted arrest); *Victory*, 897 S.W.2d at 509–10 (same as *Hudson*). Accordingly, we overrule the City's second issue.

The trial court's orders denying the City's plea to the jurisdiction and the City's motion for summary judgment are *affirmed*.