Raymond REED, Appellant

v.

James PRINCE, Deputy Godrey, Deputy Vasquez, C.I.D. Officer Sumner, Deputy Martin, Deputy Swift, Deputy Ann Birdwell, Detective Ballard, Detective Eubanks, Detective Fagan, and Bowie County Appraisal District, Appellees.

No. 06–05–00138–CV.

Court of Appeals of Texas, Texarkana.

Submitted May 15, 2006.

Decided June 2, 2006.

Raymond Reed, Leary, pro se.

William R. Jones, for James Prince, et al.

William R. Jones, Flowers Davis, PLLC, Tyler, Raymond W. Jordan, Jordan Law Firm, Texarkana, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Raymond Reed, acting as his own attorney, sued the Bowie County Appraisal District (Appraisal District) and ten law enforcement officers of the Bowie County Sheriff's Office (Sheriff's Office). Reed alleged that the officers had committed "acts of malpheasance [sic]" and "neglect[ed] to uphold the law." He sought removal of James Prince as sheriff of Bowie County, and $10,000.00 in damages resulting from alleged property crimes. He also sought return from the Appraisal District of $871.00 in property taxes because, he alleged, that money was allotted for law enforcement services he did not receive.

Through its plea to the jurisdiction, the County[1] challenged the trial court's jurisdiction to hear the case. The County as-

serted sovereign immunity and maintained that Reed had wholly failed to allege facts that would allow for a waiver of that immunity. The trial court sustained the County's plea and dismissed Reed's claims with prejudice. Reed appeals, claiming the trial court erred in dismissing his suit. We affirm the trial court's judgment.

## Sovereign Immunity and Waiver of Immunity

The State, its agencies, and subdivisions generally enjoy sovereign immunity from tort liability unless immunity has been waived. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001(3)(A), (B), 101.025 (Vernon 2005); *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex.2002). A county is a subdivision of the State and, as such, enjoys this immunity. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.001(3)(B).

The Texas Tort Claims Act (TTCA) provides for a waiver of immunity for certain claims. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.025(a). A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

　(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

　(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

---

1. When we refer to both the Appraisal District and the Sheriff's Office, we will use the more general term "the County" for the sake of brevity and clarity.

Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 2005); *see City of Sugarland v. Ballard*, 174 S.W.3d 259, 264 (Tex.App.-Houston [1st Dist.] 2005, no pet.).

This waiver of immunity, however, specifically "does not apply to a claim arising from the failure to provide or the method of providing police or fire protection." *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.055(3) (Vernon 2005); *City of San Augustine v. Parrish*, 10 S.W.3d 734, 739 (Tex.App.-Tyler 1999, pet. dism'd w.o.j.); *Orozco v. Dallas Morning News, Inc.*, 975 S.W.2d 392, 397 (Tex.App.-Dallas 1998, no pet.).

When plaintiffs in *Orozco* alleged that a city police officer failed to provide adequate protection after a family called 9–1–1 and the family was soon thereafter shot, the Dallas court concluded that Section 101.055(3) protected the city from suit on claims regarding the failure to provide a method or type of police protection. *Orozco*, 975 S.W.2d at 394, 398. Similarly, in *Barefield*, where plaintiffs brought suit after being attacked by third parties outside a city-operated coliseum, the city was immune from suit on claims arising from the officer's discretionary decision regarding the manner of providing police protection. *Barefield v. City of Houston*, 846 S.W.2d 399, 405 (Tex.App.-Houston [14th Dist.] 1992, writ denied).

Section 101.055(3) does not provide for absolute immunity for acts involving the provision of police protection, however. Section 101.055(3) does not provide immunity against claims focusing on an act or omission characterized as a negligent implementation of department policy. *See Parrish*, 10 S.W.3d at 740; *City of Dallas v. Cox*, 793 S.W.2d 701, 728 (Tex.App.-Dallas 1990, no writ). In *Parrish*, the Tyler court examined allegations that a city police officer failed to adhere to the department's policy when he fatally shot a

man. *Parrish*, 10 S.W.3d at 738, 741–42. The court concluded that the allegations were in the nature of negligent *implementation* of policy for which the TTCA did not provide immunity. *Id.* at 740. The *Barefield* court explains the distinction: "The government is not liable for any injury or death resulting from a government's decision to use only minimal police efforts to control a riot or to control crime in a particular area of a city. If, however, an officer or employee acts negligently in carrying out that policy, government liability may exist." *Barefield*, 846 S.W.2d at 405 (citing *State v. Terrell*, 588 S.W.2d 784, 788 (Tex.1979)).

The plaintiff bears the burden of demonstrating how the TTCA has waived a governmental unit's immunity from suit. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003); *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex.2001). The plaintiff must establish the State's consent to suit, which may be alleged either by reference to a statute or to express legislative permission. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). To challenge whether a plaintiff has affirmatively demonstrated facts that would vest the trial court with jurisdiction over the plaintiff's claims, a defendant may file a plea to the jurisdiction. *See Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex.2004).

When the trial court acknowledges the governmental unit's assertion of sovereign immunity, and the plaintiff's failure to bear its burden of establishing waiver of sovereign immunity, it may sustain the plea to the jurisdiction and dismiss the case with prejudice. *See id.* at 639. If the pleadings affirmatively negate the existence of jurisdiction, then the trial court may sustain a plea to the jurisdiction without allowing a plaintiff the opportunity to

amend his or her pleadings. *See Brown*, 80 S.W.3d at 555.

■■■■ We review de novo the trial court's ruling on a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). We construe the pleadings in the plaintiff's favor and look to his or her intent. *See id.* at 225–26.

## Allegations Against the Sheriff's Office

In his pleadings to the trial court, Reed detailed years of interaction with several deputies in the Sheriff's Office. Reed explained that he had numerous confrontations with neighbors dating back to 1999. The majority of his complaints dealt with theft from and vandalism to his home and rental property. He takes the position that, when the deputies responded to these complaints, they did so inadequately, and that, at other times, no one responded at all. Reed explained that, due to the uncontrolled criminal activity in his neighborhood, he had to call 9–1–1 at least fifty-eight times. Construing the pleadings in Reed's favor, as we are required to do, we construe them to allege acts of negligence.

Reed sought the removal of Prince from his office as sheriff of Bowie County for his alleged failure to adequately respond to Reed's reports of crimes. Reed also sought $10,000.00 in damages resulting from years of being the victim of alleged property crimes. He also sought the return of $871.00 in property taxes[2] because of the alleged failure of the Sheriff's Office to adequately provide services to protect him from these crimes.

## No Jurisdiction to Consider Removal of Sheriff from Office

■■■■ We first address Reed's attempt to remove the sheriff from his public office. We construe Reed's effort as a challenge to Prince's right to hold the office to which he was elected, a challenge which may be brought only through a quo warranto proceeding. *See Rivera v. City of Laredo*, 948 S.W.2d 787, 790 (Tex.App.-San Antonio 1997, writ denied); *Lewis v. Drake*, 641 S.W.2d 392, 394 (Tex.App.-Dallas 1982, no writ).[3] "An action in the nature of quo warranto is available if ... a person usurps, intrudes into, or unlawfully holds or executes a franchise or an office, including an office in a corporation created by the authority of this state." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 66.001(1) (Vernon 1997). However, only the "attorney general or the county or district attorney of the proper county" may bring an action in the nature of quo warranto. TEX. CIV. PRAC. & REM.CODE ANN. § 66.002(a) (Vernon 1997).

Reed, therefore, clearly lacked standing to bring a quo warranto action seeking the removal of Prince from office. It being well established that standing is a necessary component of subject-matter jurisdiction, the trial court did not have jurisdiction to hear Reed's suit seeking the removal of the sheriff. *See City of San Antonio v. Summerglen Prop. Owners*

---

**2.** Reed was apparently sued in 2003 by the Appraisal District for delinquent taxes. No record of this suit is included in the record before this Court. It is not clear if the $871.00 Reed sought in this case was the entire amount of taxes due in that suit or whether he calculated this amount in another manner.

**3.** The Dallas court pointed to two very limited exceptions to this rule: "One is a statutory election contest to determine the correct result of an election. The other is a suit for title to an office by one claiming to be presently qualified to hold it." *See Lewis*, 641 S.W.2d at 394 (citations omitted). The San Antonio court referred to another exception to this rule: suits in which the plaintiff alleges a violation of the Open Meetings Act. *See Rivera*, 948 S.W.2d at 790. Clearly, these very limited exceptions do not apply here.

*Ass'n*, 185 S.W.3d 74, 85 (Tex.App.-San Antonio 2005, pet. filed).

*Claim For Damages Not Within Waiver Provision of TTCA*

▇▇▇ Reed does not demonstrate how the TTCA waives the immunity of the Sheriff's Office with respect to his claims of negligence. None of Reed's factual allegations fall within the TTCA's limited waiver of immunity in Section 101.021. Even a most favorable reading of Reed's allegations does not establish that the TTCA waives immunity with respect to those allegations. This was a proper basis for the trial court's dismissal of Reed's claims.

Even construing the pleadings in Reed's favor, we determine he failed to demonstrate that his claims fell within the TTCA's waiver of immunity. In fact, his allegations affirmatively negate waiver in that his allegations concern claims for which the TTCA specifically leaves intact a governmental unit's immunity.[4]

The Sheriff's Office would not be immune from suit on allegations that the deputies negligently implemented policies of the sheriff's office regarding the deputies' responses to Reed's repeated reports of criminal activity. *See Parrish,* 10 S.W.3d at 740. Reed, however, makes no such allegations. His several, global allegations depict a pattern of negligence. He names several deputies and also seeks the return of his property taxes because, he alleges, the Sheriff's Office does not provide adequate law enforcement services. We read the allegations as falling within

Section 101.055(3), for which the sheriff's office enjoys immunity.

In contrast, the allegations in *Parrish* focused on the negligent use of personal property by an officer and his negligent failure to implement the department's policies found in the San Augustine Police Department Manual. *Id.* at 738. The trial court denied the city's plea to the jurisdiction, which relied on Section 101.055(3), among other provisions. *Id.* at 737. The Tyler court concluded that the Parrishes' allegations raised the issue of negligent implementation of policy for which the TTCA did not provide immunity. *Id.* at 740. For that reason, the Tyler court affirmed the trial court's denial of the city's plea to the jurisdiction. *Id.*

Here, however, Reed attacks the integrity and competence of the entire Sheriff's Office and its policy regarding response to repeated reports of property crimes. Such allegations do not constitute claims over which the trial court had jurisdiction. The trial court properly concluded that Reed's allegations affirmatively negated its subject-matter jurisdiction over his claims. The trial court, therefore, properly sustained the County's plea to the jurisdiction without allowing Reed an opportunity to amend his pleadings. *See Brown,* 80 S.W.3d at 555.

**Allegations Concerning the Appraisal District**

In his allegations concerning the Appraisal District, Reed sought return of the property taxes he paid to the county based

---

4. Reed named as defendants "James Prince, Deputy Godrey, Deputy Vasquez, C.I.D. Officer Sumner, Deputy Martin, Deputy Swift, Deputy Ann Birdwell, Detective Ballard, Detective Eubanks, Detective Fagan, [and] Bowie County Appraisal District" without designation as to the capacity in which the individual defendants were being sued. We treat Reed's allegations against these defendants as against them in their official capacities with the Sheriff's Office. However, even if Reed had sued them in their individual capacities, the TTCA would have left intact their official immunity on these claims. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.026 (Vernon 2005); *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994); *K.D.F. v. Rex,* 878 S.W.2d 589, 596–97 (Tex.1994).

on the alleged negligent acts of the sheriff's office. In addition, Reed noted in his petition an "overpayment of my actual taxes." Reed's intent becomes clearer when he explained that he sought return of the taxes because part of his taxes went to the Sheriff's Office for services he claims to have never received.

At its hearing on the plea to the jurisdiction, the trial court concluded that Reed made allegations of negligence against the Appraisal District and that, for the same reasons as those applicable to Reed's claims against the Sheriff's Office, Reed failed to demonstrate that the TTCA waived the Appraisal District's sovereign immunity from suit.

*Immunity Intact for Appraisal District*

■ Reading Reed's petition as raising allegations of negligence against the Appraisal District, we note that the Appraisal District is a political subdivision of the State and, therefore, look again to the TTCA to define the boundaries of its sovereign immunity. *See* Tex. Tax Code Ann. § 6.01 (Vernon 2001). The TTCA specifically addresses issues relating to the assessment of taxes. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.055(1) (Vernon 2005). Section 101.055(1) leaves intact a unit's immunity relating to "a claim arising in connection with the assessment or collection of taxes by a governmental unit." *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.055(1). Thus, to the extent Reed claims the Appraisal District negligently collected taxes to be allocated to the sheriff's office for services that were not ren- dered, the TTCA leaves intact the Appraisal District's sovereign immunity.

We note, however, it is not clear that Reed complained of any act of negligence committed by the Appraisal District. We, therefore, also look at this issue in terms of the availability of administrative review of the amount and allocation of property taxes paid.[5]

*Failure to Exhaust Administrative Remedies*

■ A taxpayer must meet specific and mandatory provisions of the Tax Code in order to challenge the amount of taxes assessed against a property. *See* Tex. Tax Code Ann. § 41.01—.71 (Vernon 2001 & Supp.2005). He or she must comply with these provisions before filing suit; compliance is a jurisdictional prerequisite to suit. *See* Tex. Tax Code Ann. §§ 42.09(a)(2), 42.21(a) (Vernon 2001); *Matagorda County Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005) (holding "a taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes");[6] *Gibbud v. Moron*, 972 S.W.2d 797, 800 (Tex.App.-Corpus Christi 1998, pet. denied). Failure to adhere to the Texas Tax Code's administrative review procedures, therefore, may be the subject of a plea to the jurisdiction.

■ The record before us does not indicate Reed attempted to pursue any administrative remedy regarding his complaint that the taxes paid were not being appropriately assessed or allocated. Be-

---

5. Reed sought return of the $871.00 based on alleged wrongs committed by the sheriff's office, rather than any wrongs committed by the Appraisal District. We, therefore, read his allegations as being focused on the amount and allocation of the taxes he paid. This is why we focus on the administrative remedies by which Reed should have challenged the amount of taxes he was required to pay.

6. *But see Houston Indep. Sch. Dist. v. 1615 Corp.*, —— S.W.3d ——, No. 14–04–00859–CV, 2005 WL 2787279, 2005 Tex.App. LEXIS 8843 (Tex.App.-Houston [14th Dist.] Oct. 27, 2005, no pet.).

**108**

cause Reed failed to exhaust the available administrative remedies before bringing suit against the Appraisal District for the return of the $871.00 in property taxes, the trial court was without jurisdiction to decide that issue. This conclusion represents an alternative basis for the trial court's conclusion that it lacked subject-matter jurisdiction over Reed's claims.

### Conclusion

Reed's pleadings failed to demonstrate that the trial court had jurisdiction over Reed's claims against these two Bowie County governmental units. Reed clearly lacked standing to bring a quo warranto action seeking the removal of Prince from office. The TTCA leaves intact the sovereign immunity relating to claims arising from the failure to provide or the method of providing police protection. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.055(3). To the extent Reed alleged that the Appraisal District was negligent in its assessment or collection of property taxes, the TTCA also leaves intact sovereign immunity. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.055(1). To the extent that his complaints against the Appraisal District centered, instead, on the collection of a certain amount of property taxes to be allocated to the sheriff's office, or the amount of taxes assessed against Reed's property, Reed's failure to exhaust his administrative remedies deprives the trial court of jurisdiction over his claims. *See* TEX. TAX CODE ANN. §§ 42.09(a)(2), 42.21(a). The trial court, therefore, properly granted the County's plea to the jurisdiction without allowing Reed an opportunity to amend his pleadings.

For these reasons, we affirm the trial court's judgment.