In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00138-CV
______________________________


RAYMOND REED, Appellant
 
V.
 
JAMES PRINCE, DEPUTY GODREY,
DEPUTY VASQUEZ, C.I.D. OFFICER SUMNER,
DEPUTY MARTIN, DEPUTY SWIFT, DEPUTY ANN BIRDWELL,
DETECTIVE BALLARD, DETECTIVE EUBANKS,
DETECTIVE FAGAN, AND BOWIE COUNTY 
APPRAISAL DISTRICT, Appellees


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 05-C1052-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Raymond Reed, acting as his own attorney, sued the Bowie County Appraisal
District (Appraisal District) and ten law enforcement officers of the Bowie County Sheriff's
Office (Sheriff's Office). Reed alleged that the officers had committed "acts of
malpheasance [sic]" and "neglect[ed] to uphold the law." He sought removal of James
Prince as sheriff of Bowie County, and $10,000.00 in damages resulting from alleged
property crimes. He also sought return from the Appraisal District of $871.00 in property
taxes because, he alleged, that money was allotted for law enforcement services he did
not receive. 
          Through its plea to the jurisdiction, the County


 challenged the trial court's
jurisdiction to hear the case. The County asserted sovereign immunity and maintained that
Reed had wholly failed to allege facts that would allow for a waiver of that immunity. The
trial court sustained the County's plea and dismissed Reed's claims with prejudice. Reed
appeals, claiming the trial court erred in dismissing his suit. We affirm the trial court's
judgment.
Sovereign Immunity and Waiver of Immunity
          The State, its agencies, and subdivisions generally enjoy sovereign immunity from
tort liability unless immunity has been waived. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 101.001(3)(A), (B), 101.025 (Vernon 2005); County of Cameron v. Brown, 80 S.W.3d
549, 554 (Tex. 2002). A county is a subdivision of the State and, as such, enjoys this
immunity. See Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B). 
          The Texas Tort Claims Act (TTCA) provides for a waiver of immunity for certain
claims. See Tex. Civ. Prac. & Rem. Code Ann. §101.025(a). A governmental unit in the
state is liable for:
(1)property damage, personal injury, and death proximately
caused by the wrongful act or omission or the negligence of an employee
acting within his scope of employment if:
 
(A)the property damage, personal injury, or death arises
from the operation or use of a motor-driven vehicle or motor-driven
equipment; and
 
(B)the employee would be personally liable to the claimant
according to Texas law; and
 
(2)personal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005); see City of Sugarland v.
Ballard, 174 S.W.3d 259, 264 (Tex. App.—Houston [1st Dist.] 2005, no pet.).
          This waiver of immunity, however, specifically "does not apply to a claim arising from
the failure to provide or the method of providing police or fire protection." See Tex. Civ.
Prac. & Rem. Code Ann. § 101.055(3) (Vernon 2005); City of San Augustine v. Parrish, 10
S.W.3d 734, 739 (Tex. App.—Tyler 1999, pet. dism'd w.o.j.); Orozco v. Dallas Morning
News, Inc., 975 S.W.2d 392, 397 (Tex. App.—Dallas 1998, no pet.).
          When plaintiffs in Orozco alleged that a city police officer failed to provide adequate
protection after a family called 9-1-1 and the family was soon thereafter shot, the Dallas
court concluded that Section 101.055(3) protected the city from suit on claims regarding
the failure to provide a method or type of police protection. Orozco, 975 S.W.2d at 394,
398. Similarly, in Barefield, where plaintiffs brought suit after being attacked by third
parties outside a city-operated coliseum, the city was immune from suit on claims arising
from the officer's discretionary decision regarding the manner of providing police
protection. Barefield v. City of Houston, 846 S.W.2d 399, 405 (Tex. App.—Houston [14th
Dist.] 1992, writ denied).
          Section 101.055(3) does not provide for absolute immunity for acts involving the
provision of police protection, however. Section 101.055(3) does not provide immunity
against claims focusing on an act or omission characterized as a negligent implementation
of department policy. See Parrish, 10 S.W.3d at 740; City of Dallas v. Cox, 793 S.W.2d
701, 728 (Tex. App.—Dallas 1990, no writ). In Parrish, the Tyler court examined
allegations that a city police officer failed to adhere to the department's policy when he
fatally shot a man. Parrish, 10 S.W.3d at 738, 741–42. The court concluded that the
allegations were in the nature of negligent implementation of policy for which the TTCA did
not provide immunity. Id. at 740. The Barefield court explains the distinction: "The
government is not liable for any injury or death resulting from a government's decision to
use only minimal police efforts to control a riot or to control crime in a particular area of a 
city. If, however, an officer or employee acts negligently in carrying out that policy,
government liability may exist." Barefield, 846 S.W.2d at 405 (citing State v. Terrell, 588
S.W.2d 784, 788 (Tex. 1979)). 
          The plaintiff bears the burden of demonstrating how the TTCA has waived a
governmental unit's immunity from suit. See Dallas Area Rapid Transit v. Whitley, 104
S.W.3d 540, 542 (Tex. 2003); Tex. Dep't of Criminal Justice v. Miller, 51 S.W.3d 583, 587
(Tex. 2001). The plaintiff must establish the State's consent to suit, which may be alleged
either by reference to a statute or to express legislative permission. See Tex. Dep't of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). To challenge whether a plaintiff has
affirmatively demonstrated facts that would vest the trial court with jurisdiction over the
plaintiff's claims, a defendant may file a plea to the jurisdiction. See Harris County v.
Sykes, 136 S.W.3d 635, 638 (Tex. 2004).
          When the trial court acknowledges the governmental unit's assertion of sovereign
immunity, and the plaintiff's failure to bear its burden of establishing waiver of sovereign
immunity, it may sustain the plea to the jurisdiction and dismiss the case with prejudice. 
See id. at 639. If the pleadings affirmatively negate the existence of jurisdiction, then the
trial court may sustain a plea to the jurisdiction without allowing a plaintiff the opportunity
to amend his or her pleadings. See Brown, 80 S.W.3d at 555.
          We review de novo the trial court's ruling on a plea to the jurisdiction. See Tex.
Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). We construe the
pleadings in the plaintiff's favor and look to his or her intent. See id. at 225–26. 
Allegations Against the Sheriff's Office
          In his pleadings to the trial court, Reed detailed years of interaction with several
deputies in the Sheriff's Office. Reed explained that he had numerous confrontations with
neighbors dating back to 1999. The majority of his complaints dealt with theft from and
vandalism to his home and rental property. He takes the position that, when the deputies
responded to these complaints, they did so inadequately, and that, at other times, no one
responded at all. Reed explained that, due to the uncontrolled criminal activity in his
neighborhood, he had to call 9-1-1 at least fifty-eight times. Construing the pleadings in
Reed's favor, as we are required to do, we construe them to allege acts of negligence. 
          Reed sought the removal of Prince from his office as sheriff of Bowie County for his
alleged failure to adequately respond to Reed's reports of crimes. Reed also sought
$10,000.00 in damages resulting from years of being the victim of alleged property crimes. 
He also sought the return of $871.00 in property taxes


 because of the alleged failure of
the Sheriff's Office to adequately provide services to protect him from these crimes.
          No Jurisdiction to Consider Removal of Sheriff from Office

          We first address Reed's attempt to remove the sheriff from his public office. We
construe Reed's effort as a challenge to Prince's right to hold the office to which he was
elected, a challenge which may be brought only through a quo warranto proceeding. See
Rivera v. City of Laredo, 948 S.W.2d 787, 790 (Tex. App.—San Antonio 1997, writ denied);
Lewis v. Drake, 641 S.W.2d 392, 394 (Tex. App.—Dallas 1982, no writ).


 "An action in the
nature of quo warranto is available if . . . a person usurps, intrudes into, or unlawfully holds
or executes a franchise or an office, including an office in a corporation created by the
authority of this state." See Tex. Civ. Prac. & Rem. Code Ann. § 66.001(1) (Vernon 1997). 
However, only the "attorney general or the county or district attorney of the proper county"
may bring an action in the nature of quo warranto. Tex. Civ. Prac. & Rem. Code Ann.
§ 66.002(a) (Vernon 1997).
          Reed, therefore, clearly lacked standing to bring a quo warranto action seeking the
removal of Prince from office. It being well established that standing is a necessary
component of subject-matter jurisdiction, the trial court did not have jurisdiction to hear
Reed's suit seeking the removal of the sheriff. See City of San Antonio v. Summerglen
Prop. Owners Ass'n, 185 S.W.3d 74, 85 (Tex. App.—San Antonio 2005, pet. filed).
          Claim For Damages Not Within Waiver Provision of TTCA
          Reed does not demonstrate how the TTCA waives the immunity of the Sheriff's
Office with respect to his claims of negligence. None of Reed's factual allegations fall
within the TTCA's limited waiver of immunity in Section 101.021. Even a most favorable
reading of Reed's allegations does not establish that the TTCA waives immunity with
respect to those allegations. This was a proper basis for the trial court's dismissal of
Reed's claims. 
          Even construing the pleadings in Reed's favor, we determine he failed to
demonstrate that his claims fell within the TTCA's waiver of immunity. In fact, his
allegations affirmatively negate waiver in that his allegations concern claims for which the
TTCA specifically leaves intact a governmental unit's immunity.



          The Sheriff's Office would not be immune from suit on allegations that the deputies
negligently implemented policies of the sheriff's office regarding the deputies' responses
to Reed's repeated reports of criminal activity. See Parrish, 10 S.W.3d at 740. Reed,
however, makes no such allegations. His several, global allegations depict a pattern of
negligence. He names several deputies and also seeks the return of his property taxes
because, he alleges, the Sheriff's Office does not provide adequate law enforcement
services. We read the allegations as falling within Section 101.055(3), for which the
sheriff's office enjoys immunity.
          In contrast, the allegations in Parrish focused on the negligent use of personal
property by an officer and his negligent failure to implement the department's policies found
in the San Augustine Police Department Manual. Id. at 738. The trial court denied the
city's plea to the jurisdiction, which relied on Section 101.055(3), among other provisions. 
Id. at 737. The Tyler court concluded that the Parrishes' allegations raised the issue of
negligent implementation of policy for which the TTCA did not provide immunity. Id. at 740. 
For that reason, the Tyler court affirmed the trial court's denial of the city's plea to the
jurisdiction. Id. 
          Here, however, Reed attacks the integrity and competence of the entire Sheriff's
Office and its policy regarding response to repeated reports of property crimes. Such
allegations do not constitute claims over which the trial court had jurisdiction. The trial
court properly concluded that Reed's allegations affirmatively negated its subject-matter
jurisdiction over his claims. The trial court, therefore, properly sustained the County's plea
to the jurisdiction without allowing Reed an opportunity to amend his pleadings. See
Brown, 80 S.W.3d at 555. 
Allegations Concerning the Appraisal District
          In his allegations concerning the Appraisal District, Reed sought return of the
property taxes he paid to the county based on the alleged negligent acts of the sheriff's
office. In addition, Reed noted in his petition an "overpayment of my actual taxes." Reed's
intent becomes clearer when he explained that he sought return of the taxes because part
of his taxes went to the Sheriff's Office for services he claims to have never received. 
          At its hearing on the plea to the jurisdiction, the trial court concluded that Reed
made allegations of negligence against the Appraisal District and that, for the same
reasons as those applicable to Reed's claims against the Sheriff's Office, Reed failed to
demonstrate that the TTCA waived the Appraisal District's sovereign immunity from suit. 
          Immunity Intact for Appraisal District
          Reading Reed's petition as raising allegations of negligence against the Appraisal
District, we note that the Appraisal District is a political subdivision of the State and,
therefore, look again to the TTCA to define the boundaries of its sovereign immunity. See
Tex. Tax Code Ann. § 6.01 (Vernon 2001). The TTCA specifically addresses issues
relating to the assessment of taxes. See Tex. Civ. Prac. & Rem. Code Ann. § 101.055(1)
(Vernon 2005). Section 101.055(1) leaves intact a unit's immunity relating to "a claim
arising in connection with the assessment or collection of taxes by a governmental unit." 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.055(1). Thus, to the extent Reed claims the
Appraisal District negligently collected taxes to be allocated to the sheriff's office for
services that were not rendered, the TTCA leaves intact the Appraisal District's sovereign
immunity. 
          We note, however, it is not clear that Reed complained of any act of negligence
committed by the Appraisal District. We, therefore, also look at this issue in terms of the
availability of administrative review of the amount and allocation of property taxes paid.



          Failure to Exhaust Administrative Remedies
          A taxpayer must meet specific and mandatory provisions of the Tax Code in order
to challenge the amount of taxes assessed against a property. See Tex. Tax Code Ann.
§ 41.01–.71 (Vernon 2001 & Supp. 2005). He or she must comply with these provisions
before filing suit; compliance is a jurisdictional prerequisite to suit. See Tex. Tax Code
Ann. §§ 42.09(a)(2), 42.21(a) (Vernon 2001); Matagorda County Appraisal Dist. v. Coastal
Liquids Partners, L.P., 165 S.W.3d 329, 331 (Tex. 2005) (holding "a taxpayer's failure to
pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide
most matters relating to ad valorem taxes");


 Gibbud v. Moron, 972 S.W.2d 797, 800 (Tex.
App.—Corpus Christi 1998, pet. denied). Failure to adhere to the Texas Tax Code's
administrative review procedures, therefore, may be the subject of a plea to the jurisdiction.
          The record before us does not indicate Reed attempted to pursue any administrative
remedy regarding his complaint that the taxes paid were not being appropriately assessed
or allocated. Because Reed failed to exhaust the available administrative remedies before
bringing suit against the Appraisal District for the return of the $871.00 in property taxes,
the trial court was without jurisdiction to decide that issue. This conclusion represents an
alternative basis for the trial court's conclusion that it lacked subject-matter jurisdiction over
Reed's claims.
Conclusion 
          Reed's pleadings failed to demonstrate that the trial court had jurisdiction over
Reed's claims against these two Bowie County governmental units. Reed clearly lacked
standing to bring a quo warranto action seeking the removal of Prince from office. The
TTCA leaves intact the sovereign immunity relating to claims arising from the failure to
provide or the method of providing police protection. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.055(3). To the extent Reed alleged that the Appraisal District was negligent
in its assessment or collection of property taxes, the TTCA also leaves intact sovereign
immunity. See Tex. Civ. Prac. & Rem. Code Ann. § 101.055(1). To the extent that his
complaints against the Appraisal District centered, instead, on the collection of a certain
amount of property taxes to be allocated to the sheriff's office, or the amount of taxes
assessed against Reed's property, Reed's failure to exhaust his administrative remedies
deprives the trial court of jurisdiction over his claims. See Tex. Tax Code Ann.
§§ 42.09(a)(2), 42.21(a). The trial court, therefore, properly granted the County's plea to
the jurisdiction without allowing Reed an opportunity to amend his pleadings. 
          For these reasons, we affirm the trial court's judgment.



                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      May 15, 2006
Date Decided:         June 2, 2006