**Adam ZACHARIE, Appellant,**

v.

**CITY OF SAN ANTONIO, Acting By and Through its SAN ANTONIO WATER SYSTEM BOARD OF TRUSTEES, and City of San Antonio, Appellees.**

No. 04–96–00563–CV.

Court of Appeals of Texas, San Antonio.

July 23, 1997.

Warren Weir, Weir & Alvarado, P.C., San Antonio, for appellant.

Regina Bacon Criswell, Office of City Atty., Litigation Division, Mary Mishtal, Davidson & Troilo, P.C., San Antonio, for appellees.

Before STONE, GREEN and DUNCAN, JJ.

STONE, Justice.

Adam Zacharie appeals from a summary judgment granted in favor of the City of San Antonio, acting by and through its Water System Board of Trustees (hereinafter "the Water System"). Zacharie brought suit against the Water System to recover property damage after his business inventory was destroyed in a fire.[1] For the following reasons, we affirm.

## FACTS

Zacharie owned a tire-repair business on Simon Street in San Antonio, Texas. On February 2, 1995, a fire broke out in a building on Simon Street. The fire department arrived and discovered they could not obtain sufficient water from the closest hydrant. The next closet hydrants were either locked or defective and thus not accessible to the fire fighters. Consequently, the fire fighters were left to fight the fire with their water tanks and chemicals. The fire eventually spread to Zacharie's business, resulting in the destruction of his entire business inventory.

Zacharie sued the Water System to recover property damage for the loss of his inventory alleging it was negligent in failing to provide sufficient water to the fire hydrant closest to his property. The Water System responded by claiming it was immune from liability under the Texas Tort Claims Act because Zacharie's claims are based on its failure to provide or its method of providing fire protection. The Water System also specially excepted to Zacharie's failure to state a cause of action under the Texas Tort Claims Act. The special exceptions were granted and Zacharie was ordered to replead a viable cause of action under the Texas Torts Claims Act. Zacharie filed an amended petition alleging the Water System was negligent in maintaining the motor-driven pumps and other equipment which supply adequate water pressure to the fire hydrants in the area where the fire occurred and negligent in locking or otherwise causing the fire hydrants to be in a condition which prevented the fire fighters from using them. The Water System moved for summary judgment alleging that: (1) section 101.055(3) of the Texas Civil Practice and Remedies Code[2] barred Zacharie's claims as a matter of law because they are based on providing fire protection; (2) Zacharie's claims are based upon the Water System's discretionary acts, and thus are barred by section 101.056 of the Texas Civil Practice and Remedies Code;[3] and (3) the hydrants are not motordriven equipment, and thus the Water System's immunity has not been waived.[4] The trial court granted a general summary judgment in favor of the Water System.

## STANDARD OF REVIEW

Our review of this appeal is guided by well-established principles. A defendant

---

1. Zacharie also sued the City of San Antonio for acts of negligence including failure to bring sufficient water and chemicals to the accident scene and failure to bring adequate equipment for accessing water from the fire hydrants around the premises of his business. The City sought and obtained a summary judgment on all of Zacharie's claims against it. Zacharie does not appeal the City's summary judgment; thus, despite being named, the City is not a party to the appeal.

2. Section 101.055 states in pertinent part:

   This chapter does not apply to a claim arising:
   * * *
   (3) from the failure to provide or the method of providing police or fire protection.

   Tex. Civ. Prac. & Rem.Code Ann. § 101.055(3) (Vernon 1997).

3. Section 101.056 states in pertinent part:

   This chapter does not apply to a claim based on:
   (1) the failure of a governmental unit to perform an act that the unit is not required by law to perform.

   Tex. Civ. Prac. & Rem.Code Ann. § 101.056(1) (Vernon 1997).

4. Section 101.021(1)(A) of the Texas Tort Claims Act waives a governmental unit's immunity for damage caused by negligence in the operation of motor-driven equipment. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A) (Vernon 1997).

moving for summary judgment on an affirmative defense, as in the present case, must conclusively prove all elements of that defense as a matter of law such that there is no genuine issue of material fact. *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494–95 (Tex.1991); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). Once the defendant produces sufficient evidence to establish a right to summary judgment, the plaintiff must set forth sufficient evidence to give rise to a genuine issue of material fact. *Pinckley v. Gallegos*, 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied). When, as in the instant case, the summary judgment does not specify the ground relied upon for its ruling, the summary judgment must be affirmed if one of the theories advanced is meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

## GOVERNMENTAL IMMUNITY

In his first point of error, Zacharie claims the Water System is not entitled to summary judgment on the basis of governmental immunity because it is not an agent of the City.[5] It is undisputed that the Waterworks Board of Trustees of San Antonio, the predecessor to the current Water System, was an agent of the city, *see Schaefer v. City of San Antonio By and Through Water Works Bd. of Trustees*, 838 S.W.2d 688, 691 (Tex.App.— San Antonio 1992, no writ); *San Antonio Indep. Sch. Dist. v. Water Works Bd. of Trustees*, 120 S.W.2d 861, 865 (Tex.Civ. App.—Beaumont 1938, writ ref'd), and as such, was protected by the doctrine of governmental immunity. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(2)(B) (Vernon 1997). Zacharie contends, however, that the current Water System, created in 1992, is an entity independent of the City and is therefore not entitled to the protections of governmental immunity. Zacharie lists various aspects of the Water System which indicate its separateness from the City: the management, control and operation of the system is vested in a board of trustees; a residency requirement is not placed upon the board members; the board of trustees determines the rates, fees, or charges for services rendered by the system; and the Water System may litigate as a plaintiff against the City. Zacharie also points to the Water System's powers to establish a disciplinary system, appeal process, and retirement plan for its employees and its power to employ all officers, employees, and professional consultants as indications of the independent status of the Water System. We do not find these perceived trappings of the independent nature of the Water System to be controlling on the issue of whether the Water System is an agent of the City.

■ In 1992, pursuant to article 1115 of the Texas Revised Civil Statutes and City Ordinance 75686, the City consolidated the Waterworks System and the City's Sanitary Sewer and Water Reuse System to form one agency known as the Water System, in an effort to provide improved and more efficient development of the water resources in the City and surrounding areas and to improve coordination of water-related issues. Article 1115 provides that the city council of a city owning an encumbered water works system may place the management and control of such system in the hands of a board of trustees, with the duties and powers of such board being specified in the contract of encumbrance. TEX.REV.CIV. STAT. ANN. art. 1115 (Vernon 1963). Because article 1115 gives cities the power to create boards to manage and control their water systems, courts have held that such boards, within their limited field of operation, are agents of that city. *See Mireles v. Deer Run Properties, Inc.*, 616 S.W.2d 342, 343 (Tex.Civ. App.—San Antonio 1981, no writ) (citing *San Antonio Indep. Sch. Dist. v. Water Works Bd. of Trustees*, 120 S.W.2d 861, 865 (Tex. Civ.App.—Beaumont 1938, writ ref'd)) (finding that Water Works System of City of

---

5. As briefed, Zacharie's point of error complained the Water System failed to bring forward the proper proof to establish its status as an agent of the City. Because the status of the Water System is a question of law, it is immaterial whether the Water System presented complete evidence in support of its legal argument. Accordingly, we construe Zacharie's first point of error as challenging the trial court's legal conclusion that the Water System is an agent of the City and is therefore shielded from liability under the Texas Tort Claims Act. *See* TEX.R.APP. P. 74(d).

Eagle Pass created pursuant to article 1115 of Texas Civil Statutes is agent of city). Although the Water System has complete management and control over its operation, it remains an agent of the City. Article 1115 provides that the management and control of a water system may be placed into the hands of a board of trustees. A logical extension of that delegation of power would include the duties Zacharie listed such as determining the rates, fees, or charges for services rendered by the system and establishing a disciplinary system, appeal process, and retirement plan for its employees and its power to employ all officers, employees, and professional consultants. Further, the fact that the current Water System was created by the consolidation of the Water Works System and the City's Sanitary Sewer and Water Reuse System does not defeat the fact that it was created by the City and thus created as an agent of the City. *See San Antonio Indep. Sch. Dist.,* 120 S.W.2d at 865. We hold, therefore, the trial court properly determined the Water System, as an agent of the City, was entitled to governmental immunity under the Texas Tort Claims Act. Point of error number one is overruled.

### FIRE PROTECTION

 The Texas Tort Claims Act waives the immunity of a governmental entity in two situations: (1) where an injury is caused by the negligence of an employee involving a motor-driven vehicle or equipment; and (2) where an injury is caused by a condition or use of tangible or real property. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). However, the Act further states that it does not apply to claims arising from the failure to provide or the method of providing fire protection. TEX. CIV. PRAC. & REM.CODE ANN. § 101.055(3) (Vernon 1997). Zacharie's pleadings establish that his claim stems from the Water System's failure to maintain pumps and other equipment which supply adequate water pressure to the fire hydrants in the area where the fire occurred. Ensuring that an adequate amount of water is available to fire hydrants is necessarily connected to providing fire protection. *Cf. Ross v. City of Houston,* 807 S.W.2d 336, 337 (Tex.App.—Houston [1st Dist.] 1990, writ de-

nied) (determining that, as matter of law, City's policy of inspecting fire hydrants is directly connected to City's method of providing fire protection). Because Zacharie's claims are integrally tied to the Water System's alleged negligence in providing fire protection, the trial court properly determined that section 101.055(3) of the Texas Tort Claims Act barred Zacharie's claim against the Water System. *Cf. House v. Houston Waterworks Co.,* 88 Tex. 233, 31 S.W. 179, 185 (1895) (holding that if city is not liable for property damage due to failure to supply water for fire fighting purposes, company contracted to furnish city with water also cannot be liable).

We need not address Zacharie's contention that he had a viable cause of action under section 101.021 because section 101.055(3) provides immunity to the Water System in this suit. *See* TEX.R.APP. P. 90(a); *see also State Farm Fire & Cas. Co.,* 858 S.W.2d at 380 (stating that affirmance of general summary judgment is proper when one of theories advanced is meritorious). Point of error number two is overruled.

The judgment of the trial court is affirmed.