MEMORANDUM OPINION



Nos. 04-06-00699-CV; 04-06-00700-CV; 04-06-00701-CV & 04-06-00702-CV



Oscar C. GORDON, Filiberto Colmenero, Melinda Colmenero, 


Rumalda M. Rodriguez, Frank W. Wiesehan and Mary Jane Wiesehan,


Appellants



v.



SAN ANTONIO WATER SYSTEM, a Government Agency,


Appellee



From the 225th Judicial District Court, Bexar County, Texas


Trial Court Nos. 2004-CI-07549; 2004-CI-07550; 2004-CI-07551 & 2005-CI-01587


Honorable Karen Pozza, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: March 14, 2007


AFFIRMED


 This is an accelerated appeal of the trial court's orders granting the pleas to the jurisdiction
filed by the San Antonio Water System ("SAWS") and dismissing the appellants' claims for trespass
to try title, cloud on title, breach of contract, and breach of warranty. (1) Because the issues in this
appeal involve the application of well-settled principles of law, we affirm the trial court's judgment
in this memorandum opinion.

 SAWS sold four tracts of surplus property to the appellants. The surplus properties each
contained a well previously used by SAWS as a pump station to pump water from the Edwards
Aquifer. The appellants sued SAWS for various causes of action arising from their claim that the
sale of the property included groundwater withdrawal rights that SAWS continued to use. SAWS
is authorized to withdraw groundwater based on a permit issued to SAWS by the Edwards Aquifer
Authority (the "Permit"). The appellants appear to be claiming that the conveyance of the property
by SAWS also conveyed to the appellants some right with regard to the Permit, thereby affecting
SAWS' authority to withdraw groundwater from under properties still owned by SAWS. (2)

1. In their first two issues, the appellants contend that SAWS is not a governmental agent
entitled to immunity or, if it is, the sale of the surplus property was a proprietary function for which
SAWS is not entitled to immunity. This court has expressly held that SAWS, as an agent of the City,
is entitled to governmental immunity. See Zacharie v. City of San Antonio, 952 S.W.2d 56, 59 (Tex.
App.--San Antonio 1997, no writ). The appellants' first issue is overruled.

 The proprietary functions of a municipality do not include those activities listed as
governmental in section 101.0215(a) of the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code
Ann. § 101.0215(c) (Vernon 1005). A plaintiff may not split various aspects of a municipality's
operations into discrete functions and recharacterize certain of those functions as proprietary because
all activities associated with the operation of one of the government functions listed in section
101.0215(a) are governmental and cannot be considered proprietary regardless of the municipality's
motive for engaging in the activity. See, e.g., City of San Antonio v. BSR Water Co., 190 S.W.3d
747, 753-54 (Tex. App.--San Antonio 2005), judgment vacated, 2006 WL 542813 (Tex. App.--San
Antonio 2006, no pet.); City of San Antonio v. Butler, 131 S.W.3d 170, 177 (Tex. App.--San
Antonio 2004, pet denied); Texas River Barges v. City of San Antonio, 21 S.W.3d 347, 356-57 (Tex.
App.--San Antonio 2000, pet. denied). The provision of water and sewer service is listed in section
101.0215(a) as a governmental function. Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)(32)
(Vernon 2005). The sale of the surplus property by SAWS that was previously used in the provision
of water service is an activity associated with the operation of a government function. Accordingly,
SAWS is entitled to governmental immunity. (3) The appellants' second issue is overruled.

2. In their third issue, the appellants contend that SAWS waived its immunity by its conduct. 
The appellants appear to be contending that SAWS's alleged refusal to honor the deeds by
continuing to withdraw groundwater from under its properties resulted in a waiver of immunity. 
Although the Texas Supreme Court has discussed the possibility that a governmental entity might
waive its immunity by certain actions, even absent a legislative waiver of immunity, the Texas
Supreme Court has recognized a "tension" in this waiver concept. See Reata Const. Corp. v. City
of Dallas, 197 S.W.3d 371, 375 (Tex. 2006). In Catalina Dev., Inc. v. County of El Paso, 121
S.W.3d 704, 706 (Tex. 2003), the Texas Supreme Court rejected an argument that the governmental
entity waived its immunity based on its breach of a contract for the sale of real property, concluding,
"Although in Federal Sign we suggested that some circumstances might warrant recognizing a
waiver by conduct, the equitable basis for such a waiver simply does not exist under this set of
facts." Similarly, we do not find that an equitable basis for such a waiver exists under the facts
presented in the instant case. See Bexar Metropolitan Water Dist. v. Education & Economic Dev.
Joint Venture, No. 04-06-00279-CV, 2006 WL 3730148, at *6 (Tex. App.--San Antonio Dec. 20,
2006, no pet. h.). The appellants' third issue is overruled.

3. The appellants further assert that their claims for trespass to try title and cloud on title and
their request for a permanent injunction are not claims for money damages; therefore, immunity is
not a bar. We initially note that an injunction is an equitable remedy, not a cause of action. See
Brittingham v. Ayala, 995 S.W.2d 199, 201 (Tex. App.--San Antonio 1999, pet. denied). 
Furthermore, legislative consent is required to sue a governmental entity or agent for trespass to try
title. Bell v. State Dept. of Highways & Public Transp., 945 S.W.2d 292, 294 (Tex. App.--Houston
[1st Dist.] 1997, writ denied). The crux of the appellants' lawsuit seeks enforcement of their
allegation that their deeds conveyed to them some right in relation to SAWS's right to withdraw
groundwater pursuant to its Permit. Thus, the lawsuit seeks to enforce alleged rights under the deeds
similar to the enforcement of a contract. A suit seeking to enforce contract rights is a suit against
the governmental entity or agency that cannot be maintained without legislative permission. See Tex.
Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855-56 (Tex. 2002); Bexar
Metropolitan Water Dist., 2006 WL 3730148, at *2; Texas Parks & Wildlife Dept. v. Callaway, 971
S.W.2d 145, 152 (Tex. App.--Austin 1998, no pet.). Accordingly, because the appellants' claims
seek to enforce rights the appellants allege to exist under the deeds, the trial court properly granted
SAWS's plea to the jurisdiction. The appellants' fourth issue is overruled.


 The trial court's orders are affirmed.

 Alma L. López, Chief Justice



1. Although the appellants assert an issue in their brief relating to the dismissal of their inverse condemnation
claim, SAWS did not move for the dismissal of that claim, and the trial court's orders do not dismiss the appellants'
inverse condemnation claim. Accordingly, that claim remains pending in the trial court, and appellants' fifth issue is
overruled.
2. In their reply brief, the appellants assert, "Under the EAA rules, when SAWS transferred ownership of its
properties to Plaintiffs without expressly reserving any rights, SAWS transferred ownership of any EAA permit or
application for a permit tied to any points of withdrawal located on those properties."
3. Because the deeds at issue were not a written contract relating to the provision of good and services, the
waiver of immunity contained in sections 271.151 - 271.160 is not applicable. See City of San Antonio v. Reed S.
Lehman Grain, Ltd., No. 04-04-00930-CV, 2007 WL 274071, at *2 n.2 (Tex. App.--San Antonio Jan. 31, 2007, no
pet. h.).