ACCEPTED
04-15-00120-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/22/2015 10:54:56 PM
KEITH HOTTLE
CLERK

# No.04-15-00120-CV

FILED IN
~~4th COURT OF APPEALS~~
SAN ANTONIO, TEXAS
4/22/2015 10:54:56 PM
KEITH E. HOTTLE
Clerk

IN THE FOURTH COURT OF APPEALS
AT SAN ANTONIO, TEXAS

_____

UNIVERSITY OF THE INCARNATE WORD,
DEFENDANT-APPELLANT,
V.
VALERIE REDUS AND ROBERT M, REDUS, INDIVIDUALLY AND AS
EXECUTOR OF THE ESTATE OF ROBERT CAMERON REDUS,
PLAINTIFFS-APPELLEES.

_____

On Appeal from the 15oth District Court of Bexar County, Texas
Trial Court Cause No. 2014-CI-07249

_____

## APPELLEES' BRIEF

_____

Brent C. Perry
State Bar No. 15799650
Law Office of Brent C. Perry, P.C.
800 Commerce Street, Suite 102
Houston, Texas 77002
Telephone: (713) 334-6628
Facsimile: (713) 237-0415
brentperry@brentperrylaw.com

Jorge A. Herrera
State Bar No. 24044242
The Herrera Law Firm
100 Soledad, Suite 1900
San Antonio, Texas 78205
Telephone: (210) 224-1054
Facsimile: (210) 228-0887
jherrera@herreralaw.com

ATTORNEYS FOR APPELLEES

i

# TABLE OF CONTENTS

Table of Contents ...................................................................................ii

Index of Authorities ............................................................................. iv

Statement of the Case.......................................................................... viii

Issues Presented.................................................................................... ix

Introduction and Standard of Review............................................................ 1

Statement of Facts.................................................................................... 3

    A.    Plea to the Jurisdiction Evidence.. .............................................. 3

    B.    Facts of the Underlying Case. ..................................................... 3

    C.    UIW's Authority to Form a Police Department.. ......................... 4

    D.    Procedural Status of the Case.. .................................................... 4

Argument. ................................................................................................ 5

    I.    This Court lacks subject matter jurisdiction of the denial of UIW's plea to the jurisdiction because UIW is not a "governmental unit" as defined by Tex. Civ. Prac. & Rem. Code § 101.001(3)…........................................................................5

    II.    Neither UIW nor its Campus Police is a "governmental unit" under the Texas Tort Claims Act.......................................................7

        A.    No Texas court has ever held that a private institution is a "governmental unit" in the absence of a specific statute and government funding of the service at issue.........................7

        B.    That a statute authorizes UIW to establish a Campus Police Department does not make the UIW Campus Police a "governmental unit."............................................................10

C.      Allowing UIW's campus police to enforce state and municipal law in limited circumstances does not turn UIW or its police department into a "governmental unit." .......13

III.    Even if UIW is a governmental entity, the Texas Tort Claims Act does not bar the Reduses negligence claims because they arise from a death caused by tangible use of tangible personal property. ...............................................................................16

IV.     UIW's argument regarding *respondeat superior* is not properly part of a plea to the jurisdiction and should be dismissed for insufficient notice under Tex. R. Civ. P. 166a.... ..........................18

V.      UIW's argument regarding dismissal of Officer Carter fails because the UIW Campus Police is not a "governmental unit" and the TTCA election of remedies does not apply............................22

Conclusion and Prayer ...................................................................................... 20

Certificate of Service.......................................................................................... 22

# INDEX OF AUTHORITIES

Attorney General, Texas, Opinion No. MW-537, Dec. 22, 1987 .................... 21

*Cantu Services, v. United Freedom Associates, Inc.,*
329 S.W.3d 58, (Tex. App.—El Paso 2010, no pet.) ...........................6

*Cherqui v. Westheimer St. Festival Corp.,*
116 S.W.3d 337 (Tex. App.—Houston [14th Dist.] 2003, no pet.)...............20

*City of Leon Valley Economic Development Corporation v. Little,*
422 S.W.3d S.W.3d 37 (Tex.App.—San Antonio 2013, no pet.) .................. 10

*City of San Augustine, v. Parrish,* 10 S.W.3d 734
(Tex.App.-Tyler 1999, pet. dism'd w.o.j.) ...............................................18, 19

*Critical Air Medicine, Inc. v. Shepard,* 2005 WL 3533130
(Tex.App.—San Antonio 2005, no pet.) .........................................................6

*Evans v. Newton,* 382 U.S. 296 (1966)..............................................................16

*Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 405 (Tex.1997).........................19

*Harris County v. Cabazos,* 177 S.W. 3d 105
(Tex. App. – Houston [1st Dist.] 2005).................................................... 17, 18

*Harris County. v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004) ...........................1

*Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540 (Tex.1971) ............... 11

*Klein v. Hernandez,* 315, S.W.2d 1 (Tex. 2010) ............................................. 8

*Laidlaw Waste Systems v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex. 1995) .......................................................................................................................3

*LTTS Charter School, Inc. v. C2 Construction, Inc.,*
342 S.W.3d 73 (Tex. 2011)................................................................... 9, 11

*Mobil Oil Corp. v. Shores,* 128 S.W.3d 718
(Tex.App.-Fort Worth 2004, no pet.) .............................................................6

*Morin v. Moore,* 309 F.3d 316 (5th Cir.2002)....................................................17

*Rosborough v. Management & Training Corp.,*
350 F.3d 459 (5th Cir. 2003) .....................................................................16

*Sci. Spectrum v. Martinez,* 941 S.W.2d 910 (Tex. 1997) ..............................11

Tex. Bus. & Comm. Code § 3.420 .............................................................23-24

Tex. Bus. & Comm. Code § 24.002 ............................................................15-16

Tex. Code of Crim. Proc. § 2.12 .....................................................................15

Tex. Code of Crim. Proc. § 14.01.............................................................. 14, 15

Tex. Civ. Prac. & Rem. Code § 51.014(c) ........................................................5

Tex. Civ. Prac. & Rem. Code § 101.001(3)(D).......................................7, 11, 12

Tex. Civ. Prac. & Rem. Code § 101.021(2) .....................................................17

Tex. Civ. Prac. & Rem. Code § 101.057 .........................................................17

Tex. Civ. Prac. & Rem. Code § 101.106 .........................................................20

Tex. Educ. Code § 12.105...............................................................................12

Tex. Educ. Code § 51.203 ....................................................... 4, 7, 10, 12

Tex. Educ. Code § 51.212 ..............................................2, 3, 7, 10, 12, 16

Tex. Educ. Code § 61.003 ............................................................................ 9

Tex. Govt. Code § 81.011..............................................................................13

Tex. Health & Safety Code § 312.006(a) ..................................................... 8

Tex. Loc. Gov. Code § 505.106(b)................................................................. 11

Tex. Occ. Code § 1601 ................................................................................13

*Tex. Dep't of Parks & Wildlife v. Miranda, 133* S.W.3d 217 (Tex.2004) ...... 2

*Texas Dept. of Public Safety v. Petta*, 44 S.W. 3d 575 (Tex. 2001) ............. 18

*Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, (Tex.1999) ...................... 2, 19

*Texas Parks & Wildlife Dep't v. Sawyer Trust,*
354 S.W.3d 384 (Tex.2011) ........................................................... 1, 2

*Tooke v. City of Mexia,* 197 S.W.3d 325, 332 (Tex.2006) ........................... 19

*Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692 (Tex.2003) ........... 2, 19

*Young v. City of Dimmitt*, 787 S.W.2d 50, 51 (Tex. 1990) .......................... 17
*Zacharie v. City of San Antonio by and through*
*San Antonio Water System Board of Trustees,*
952 S.W.2d 56 (Tex.App.—San Antonio 1997, no writ) .............................. 10

# No.15-04-00120-CV

## IN THE FOURTH COURT OF APPEALS
### AT SAN ANTONIO, TEXAS

UNIVERSITY OF THE INCARNATE WORD,
DEFENDANT-APPELLANT,
V.
VALERIE REDUS AND ROBERT M, REDUS, INDIVIDUALLY AND AS
EXECUTOR OF THE ESTATE OF ROBERT CAMERON REDUS,
PLAINTIFFS-APPELLEES.

On Appeal from the 15oth District Court of Bexar County, Texas
Trial Court Cause No. 2014-CI-07249

## APPELLEES' BRIEF

Appellees Valerie Redus and Robert M. ("Mickey") Redus, Individually and as Executor of the Estate of Robert Cameron Redus, would show the Honorable Fourth Court of Appeals as follows:

## STATEMENT OF THE CASE

Valerie and Mickey Redus sued University of the Incarnate Word ("UIW") and Christopher Carter for claims arising from their son Cameron's death on December 6, 2013. Carter, a UIW Campus Police Officer, shot Cameron Redus five times, killing him in the parking lot at Cameron's off-campus apartment in Alamo Heights.

The Reduses filed suit on May 6, 2014. CR (Clerk's Record) at 1. UIW, on February 13, 2015, pleaded a Texas Tort Claims Act affirmative defense and filed a plea to the jurisdiction. CR at 109 and 125. The trial court denied the plea to the jurisdiction on March 2, 2014 (CR at 418) and UIW initiated this interlocutory appeal.

UIW's claimed statutory basis for this interlocutory appeal is Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). The central—and likely the only—issue in the appeal is whether UIW, a private Catholic institution of higher education, is a "governmental unit" under the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code § 101.001(3)(D). The Reduses, on April 21, 2015, filed a motion to dismiss this appeal for want of jurisdiction.

## ISSUES PRESENTED

1. Whether this Court has jurisdiction of an interlocutory appeal brought by a private institution of higher education claiming to be a "governmental unit"?

2. Whether the UIW Campus Police Department is a "governmental unit" by virtue of the license issued to UIW and the fact that UIW's officers are licensed by the state?

3. Whether the Texas Tort Claims Act precludes the Reduses' negligence claims against UIW, a private institution of higher education?

4. Whether UIW's appellate issue regarding respondeat superior—effectively a motion for summary judgment as to liability—is properly part of a plea to the jurisdiction?

5. Whether the Reduses claims against Carter should be dismissed, given that UIW is a private institution of higher education?

## INTRODUCTION AND STANDARD OF REVIEW

UIW asks this Court to do something that no other Texas court has done: find that a private university's police department is a "governmental unit" even though it does not receive government funding, does not act at the direction of a state agency, and is wholly controlled by UIW.

UIW's application to establish a law enforcement agency states that UIW, a private university, is the "requesting governmental body" for the police department. CR at 206. The statutory authority for the UIW police department, Tex. Educ. Code § 51.212, allows "private institutions of higher education…to employ and commission peace officers" for limited purposes. Nothing in the statutory authority or licensing requirements that apply to UIW turn it into the "governmental unit" that it now claims to be.[1]

A plea to the jurisdiction seeks dismissal of a case for lack of subject matter jurisdiction. *Harris County. v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004). Sovereign immunity deprives a trial court of subject matter jurisdiction if a plaintiff sues the state or a state agency, unless the Legislature has consented to suit. *Texas Parks & Wildlife Dep't v. Sawyer Trust,* 354 S.W.3d 384, 388 (Tex.2011).

---

[1] UIW waited over seven months after filing its original answer—from June 2, 2014 to February 13, 2015— to discover and allege its status as a "governmental unit" under the Texas Tort Claims Act. The trial court held a hearing on the plea to the jurisdiction 269 days after UIW filed its original answer.

Immunity from suit prohibits suits against the State unless the State expressly consents to the suit. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 696 (Tex.2003). Unlike immunity from suit, immunity from liability does not affect a court's jurisdiction to hear a case and cannot be raised in a plea to the jurisdiction. *Id.; Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638–39 (Tex.1999).

Even if UIW is somehow a "governmental unit," the Legislature has waived immunity for UIW's officers in defined circumstances. See Tex. Educ. Code § 51.212(b). Additionally, the Reduses' negligence claims against UIW are not barred by the Texas Tort Claims Act.

Whether a court has subject matter jurisdiction is a question of law. *Sawyer Trust, 354 S.W.3d at 388.* Whether a pleading alleges facts that affirmatively demonstrate a trial court's subject matter jurisdiction is also a question of law reviewed *de novo. Tex. Dep't of Parks & Wildlife v. Miranda, 133* S.W.3d 217, 226 (Tex.2004). If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.*

## A.    Plea to the Jurisdiction Evidence

The Reduses do not dispute that UIW applied for and received a license to establish a law enforcement agency under Tex. Educ. Code § 51.212, which allows "governing boards of private institutions of higher education…to employ and commission peace officers." CR at 206. The Reduses do not dispute that Carter is a licensed Texas peace officer. CR at 197-204.

## B.    Facts of the Underlying Case

UIW offers a three-page recitation of facts largely based on the Reduses' Original Petition, which has been superseded by their First Amended Petition (attached as Exhibit 1). See Appellant's Brief at 4-7.

As this Court knows, pleadings are not competent evidence, even if sworn or verified. *Laidlaw Waste Systems v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 545 (Tex.1971). Nonetheless, the Reduses removed the factual allegation upon which UIW relies for its argument that plaintiffs allege intentional rather than negligent torts. See Appellant's Brief at 6 ("Cameron was in a submissive position when Carter discharged his weapon for the last time.")

The Reduses do not dispute that UIW Campus Police Officer Carter shot and killed Cameron Redus in the parking lot of his off-campus

apartment in Alamo Heights. The Reduses do not dispute that Carter was on duty at UIW on December 6, 2013.

## C. UIW's Authority to form a Police Department

Again, the Reduses do not dispute that UIW applied for and received a license to establish a law enforcement agency under Tex. Educ. Code § 51.212 and that Carter is a licensed Texas peace officer. CR at 197-204, 206.

UIW wrongly states that its authority to establish the police department comes from Tex. Educ. Code § 51.203, which authorizes a "state institution of higher education" to employ and commission peace officers. Appellant's Brief at 8. UIW's application (CR at 206), however, accurately identifies the applicable statute as Tex. Educ. Code § 51.212, which authorizes "private institutions of higher education" to employ and commission peace officers. No Texas court has held that the authority to employ and commission somehow transforms a private university into a governmental unit.

## D. Procedural Status of the Case

The "procedural status" that UIW provides (Appellant's Brief at 9-13) is rife with argument and mischaracterization of documents that are not relevant to this Court's jurisdiction. The timeline is simple:

- The Reduses filed this action on May 6, 2014.
- UIW answered and removed the action on June 2.
- The federal court remanded the action on November 25.
- UIW filed its amended answer on February 13, 2015.
- The trial court heard the plea to the jurisdiction on February 26.
- The trial court denied the plea on March 2.
- UIW appealed the denial on March 3.
- The Reduses filed their amended petition on March 16.[2]

Contrary to UIW's statement regarding the federal court's "stark warning" in about TTCA immunity in a footnote (Appellant's Brief at 10), the court stated in its conclutson that "Plaintiffs' claims do not create federal jurisdiction" and "are valid causes of action under state law."  CR at 399.

The trial court declined to issue findings and conclusions, presumably because the denial of the plea to the jurisdiction does not constitute a judgment. See Tex. R. Civ. P. 296. The Reduses did request that the trial court issue a finding that UIW is not a "governmental unit."

---

[2] UIW argues that Plaintiffs' First Amended Petition was improperly filed as an "unabashed contempt of court," but has not moved to strike it or hold counsel in contempt. Appellant's Brief at 12. UIW also argues that plaintiffs improperly filed a motion to compel. *Id.* at 13. The trial court granted Plaintiff's Motion to Compel, leading UIW to file a separate mandamus yesterday. UIW conveniently fails to inform the Court that it waited almost 260 days after filing its original answer to assert its TTCA immunity and almost 270 days for a hearing. See Tex. Civ. Prac. & Rem. Code § 51.014(c).

**I.    This Court lacks subject matter jurisdiction of the denial of UIW's plea to the jurisdiction because UIW is not a "governmental unit" as defined by Tex. Civ. Prac. & Rem. Code § 101.001(3).**

An interlocutory appeal is only allowed following the grant or denial of a plea to the jurisdiction if the plea is made by a "governmental unit." See *Critical Air Medicine, Inc. v. Shepard,* 2005 WL 3533130 (Tex.App.—San Antonio 2005, no pet.)(dismissing interlocutory appeal filed under § 51.014(a)(8) by private corporation); *Mobil Oil Corp. v. Shores,* 128 S.W.3d 718, 721 (Tex.App.-Fort Worth 2004, no pet.) (same); *Cantu Services, v. United Freedom Associates, Inc.*, 329 S.W.3d 58, 64 (Tex. App.—El Paso 2010, no pet.).

This Court noted in *Critical Air*:

> It is undisputed that Critical Air is a private corporation and not an agency of state government, a political subdivision of the state, or an institution, agency or organ of government whose status and authority is derived from state law.

*Id.* at *2.

Similarly, it is undisputed that UIW is a private university and not a state government agency. UIW's argument is that the authority to hire and commission peace officers somehow transforms it into an "institution,

6

agency, or organ of government." See Tex. Civ. Prac. & Rem. Code § 101.001(3)(D). The authorizing statute does not justify this interpretation.

Parallel statutes in the Education Code authorize "the governing boards" of the universities to "employ and commission peace officers." See Tex. Educ. Code § 51.203 (for "state institutions of higher education") and § 51.212 (for "private institutions of higher education"). There is no precedent for the argument that granting this authority transforms a private institution into a government institution, agency or organ. As argued in Appellees' Motion to Dismiss, this Court should dismiss this appeal for want of jurisdiction.

## II. Neither UIW nor its Campus Police is a "governmental unit" under the Texas Tort Claims Act.[3]

UIW expressly seeks the protections of the Texas Tort Claims Act as a "governmental unit." CR at 120 (UIW's First Amended Answer at ¶ 63-64). UIW argues that its police department draws its right to exist from a statute (Tex. Educ. Code § 51.212) and that the department and its officers are licensed by the Texas Commission on Law Enforcement, a "regulatory state agency." *Id.* UIW, in its appellate brief, cites no case law holding that any part of a private university is a "governmental unit."

---

[3] Section II, with the exception of footnote 3, is copied verbatim from Appellees' Motion to Dismiss for Want of Jurisdiction.

**A.** **No Texas court has ever held that a private institution is a "governmental unit" in the absence of a specific statute and government funding of the service at issue.**

No Texas court has ever held that a private, non-profit institution of higher education is a "governmental unit" in the absence of a statute defining the institution and its actions as such. In *Klein v. Hernandez*, 315, S.W.2d 1, 2 (Tex. 2010), the plaintiff sued Baylor College of Medicine for malpractice by its physicians at Ben Taub Hospital, a public hospital. The Supreme Court noted that:

> Baylor [College of Medicine] is a private, non-profit medical school, but is also a 'supported medical school,' which means that it has contracts with the Texas Higher Education Coordinating Board and receives state funding specifically allocated for training physicians who provide medical care at public hospitals such as Ben Taub.

The Court noted that private medical school derived its status as a "governmental unit" from Tex. Health & Safety Code § 312.006(a), which defines Baylor as a "governmental unit" when its doctors are working at public hospitals. *Id.* at 8.

In contrast to the Baylor College of Medicine, UIW has no claim to a contract with a state agency, to receiving state funding, or to a statute defining any part of the university as a "governmental unit." UIW does not even address the implications of the Texas Supreme Court's *Klein* holding,

8

choosing instead to rely almost completely on *LTTS Charter School, Inc. v. C2 Construction, Inc.*, 342 S.W.3d 73 (Tex. 2011). See Appellant's Brief at 24-26.

The Supreme Court, in *LTTS Charter School*, held that an open-enrollment charter school operated as part of the public school system is a "governmental unit." *Id.* at 76. The Supreme Court's opinion drew a vigorous dissent (*id.* at 82), and the case is easily distinguishable from UIW's claims. Charter schools by statute are "part of the public school system" which bears "the primary responsibility for implementing the state's system of public education." *Id.* at 82. Charter schools receive government funding and operate within the Texas public school testing system. *Id.* at 74.

UIW, by contrast, has specifically and purposely chosen to operate outside Texas' system of public higher education. See Tex. Educ. Code § 61.003, with definitions of "public senior college or university" and "private or independent institution of higher education." UIW identifies itself as:

> an incorporated charitable institution created and sponsored by the Sisters of Charity of the Incarnate Word, a Catholic order of nuns. The Sisters established the school in 1881, devoted to providing education without private gain. The UIW is a charitable institution under both Texas and Federal law.

9

CR at 109. State and private institutions of higher education have different enabling statutes for establishing campus police departments. Compare Tex. Educ. Code § 51.203 (state) and § 51.212 (private).

UIW also cites *Zacharie v. City of San Antonio by and through San Antonio Water System Board of Trustees*, 952 S.W.2d 56, 59 (Tex.App.—San Antonio 1997, no writ) and *City of Leon Valley Economic Development Corporation v. Little*, 422 S.W.3d S.W.3d 37, 40 (Tex.App.—San Antonio 2013, no pet.) as supporting its argument. Both cases are distinguishable. In *Zacharie*, this Court held that San Antonio's Water System was a city agent and thus entitled to immunity.

In *Leon Valley*, this Court held that an economic development corporation's ("EDC") statutory designation as a "governmental unit" under Tex. Loc. Gov. Code § 505.106(b) did not protect it from contractual liability, although the status did authorized the EDC to file an interlocutory appeal. In allowing the interlocutory appeal to proceed, this Court followed the EDC's enabling statute: "For purposes of Chapter 101, Civil Practice and Remedies Code, a Type B corporation is a *governmental unit* and the corporation's actions are governmental functions." Tex. Loc. Gov. Code § 505.106(b). Neither this Court nor any other Texas court has held that that a private

institution is a governmental unit in the absence of a specific statute and government funding of the services at issue.

**B.     That a statute authorizes UIW to establish a Campus Police Department does not make the UIW Campus Police a "governmental unit."**

Section 101.001(3)(D) of the Civil Practices and Remedies Code defines a "governmental unit" as

> any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

UIW argues that a Texas statute—Tex. Educ. Code § 51.212—authorizes the creation of UIW's police department, that its officers are licensed by a state agency, and that they enforce state law. Appellant's Brief at 17-24.

So, UIW's argument goes, the UIW Campus Police Department is an "institution, agency, or organ of government the...authority of which [is] derived from...laws passed by the legislature." The argument proves too much ignoring the fact that UIW as private university is not an "institution, agency, or organ of government."

The only case applying this statute to any extent is *LTTS Charter School,* 342 S.W.3d at 80. The Supreme Court held only that § 101.001(3)(D) does not require a statute specifically establishing the government agency.

11

The Court's holding, however, is primarily based on Tex. Educ. Code § 12.105: "An open-enrollment charter school is part of the public school system" and the public schools are governmental units. See §101.001(3)(B).

UIW's argument misinterprets §101.001(3)(D). According to the Supreme Court, an "open-enrollment charter school" is an "institution, agency, or organ of government" because it is "part of the public school system." *LTTS Charter School* 342 S.W.3d at 82. Unlike open enrollment public charter schools, UIW has no claim to being part of a "state institution of higher education" or part of the "field of public higher education." See Tex. Educ. Code § 51.203 (enabling statute for police departments at state universities) and § 61.002 (enabling statute for the Texas Higher Education Coordinating Board). UIW has specifically chosen to avoid the extensive state regulation of higher education, such as tuition regulation and degree offerings. See Tex. Educ. Code Title 3 generally.

Textually—as the statute requires—UIW cannot establish that it is a governmental "institution, agency, or organ." See Tex. Civ. Prac. & Rem. Code § 101.001(3)(D). Merely being an "institution, agency, or organ" whose existence is enabled by a statute and governed by a state agency does make the "institution, agency, or organ" a "governmental unit."

For example, Texas lawyers draw their right to practice law in Texas courts and to form law firms from the State Bar of Texas, "a public corporation and an administrative agency of the judicial department of government." See Tex. Govt. Code § 81.011. Only persons licensed by the State Bar of Texas can be employed as lawyers in law firms.

Texas barbers draw their authority to "perform any act of barbering" from Tex. Occ. Code § 1601.251 and Texas barbershops draw their authority to exist from Tex. Occ. Code § 1601.301. Barbers and barbershops are governed by a state licensing agency, the Texas Department of Licensing and Regulation ("TDLR"), a "regulatory state agency," pursuant to administrative rules. See Tex. Admin. Code § 82.1, et seq. Neither barbers nor barbershops are turned into a "governmental unit" by these statutes.

The same could be said for numerous other respectable occupations. But neither barbershops nor law firms are entitled to call themselves "governmental units" and claim the immunities of the TTCA when sued in tort.

**C. Allowing UIW's campus police to enforce state and municipal law in limited circumstances does not turn UIW or its police department into a "governmental unit."**

UIW argues that the authority of its Campus Police and the individually licensed officer to enforce state law bolsters its claim to be a "governmental unit." See Appellant's Brief at 19-23. The truth, however, is that any person can enforce a good portion of Texas criminal law without a TCOLE license.

Article 14.01(a) of the Code of Criminal Procedure allows:

> A peace officer or *any other person*, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.

The statute grants both peace officers and private citizens the same rights of warrantless arrest for the two broadly defined categories of crimes. See Office of the Attorney General, Texas, Opinion No. MW-537, Dec. 22, 1987 (citing *Alexander v. United States*, 390 F.2d 101 (5th Cir. 1968); *Romo v. State*, 577 S.W.2d 251 (Tex. Crim. App. 1979); *Woods v. State*, 213 S.W.2d 685 (Tex. Crim. App. 1948) ("Any individual may make a 'citizen's arrest' under that provision, provided that all applicable legal requirements are met.")[4]

---

[4] The best that UIW can argue is that the officers that UIW employs or commissions have a broader authority to enforce state law than private citizens have. There is nothing about this grant that somehow transforms UIW into an "institution, agency, or organ of government."

14

No Texas court has ever held that a statute authorizing a private entity to enforce state law makes that entity an "institution, agency, or organ of government" for purposes of the Texas Tort Claims Act. See Tex. Code of Crim. Proc. § 2.12 for an extended list of 36 types of peace officers and § 14.03 for the authority given to the officers. UIW Campus Police are "officers commissioned under... Subchapter E, Chapter 51, Education Code." Tex. Code. Crim. Proc. § 2.12(8). The officers' authority is defined by § 14.03.

In its application for a "law enforcement agency number," UIW identifies its "Requesting Governmental Body" as "University of the Incarnate Word." C.R. 206. UIW's Board of Trustees approved a resolution supporting the formation of the police department. C.R. 350. As noted above, Texas law gives "governing boards of private institutions of higher education" the authority "to employ and commission police officers." Tex. Educ. Code § 51.212. Nothing about this process turns UIW into a "governmental unit." UIW's Campus Police Department receives no government funding and has no contract with any government agency.

The cases UIW cites in the appellate brief do not support its argument; they instead hold that private entities subject themselves to Constitutional violations by their involvement with governmental functions. Appellant's Brief at 19-20.

15

For example, in *Evans v. Newton*, 382 U.S. 296 (1966), the Supreme Court held that private managers of a public park could not enforce racial segregation in the park. In *Rosborough v. Management & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003), the Fifth Circuit found that "private prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury." In other words, the cases cited by UIW hold that a private entity subjects itself to greater, not less, liability by taking on a government function. This is consistent with the statute providing limited immunity for peace officers employed by private universities. See Tex. Educ. Code § 51.212(b)(1).

**III. Even if UIW is a governmental entity, the Texas Tort Claims Act does not bar the Reduses negligence claims because they arise from a death caused by tangible use of tangible personal property.**

UIW argues that the Reduses claims are barred by the TTCA because they are "negligence claims that arise from an intentional tort." See Appellant's Brief at 27-33. As noted above, the Reduses filed an amended petition following the denial of the plea to the jurisdiction. Exhibit 1. The Reduses have not made any intentional tort claims against either defendant, and there is no evidence in the record of the circumstances of the shooting.

As this Court knows, the TTCA does not waive sovereign immunity for intentional torts. Tex. Civ. Prac. & Rem. Code § 101.057. The federal court, in its remand order, held that "Plaintiffs' claims—negligence, gross negligence, respondeat superior liability, and wrongful death—arise from state law and are valid causes of action under state law." CR at 399.

Although a governmental unit is immune from intentional tort claims, an injured party may still pursue a separate negligence claim arising out of the same facts. *Young v. City of Dimmitt*, 787 S.W.2d 50, 51 (Tex. 1990). A governmental unit is liable for personal injury and death caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. See Tex. Civ. Prac. & Rem. Code § 101.021(2). Firearms are tangible personal property under the TTCA. See *Morin v. Moore,* 309 F.3d 316 (5th Cir.2002) (recognizing Texas law)*.*

UIW represents that *Harris County v. Cabazos*, 177 S.W. 3d 105 (Tex. App. – Houston [1st Dist.] 2005) involves facts similar to this matter. Appellants' Brief at 31-32. This is misleading. Cabazos pleaded guilty to evading arrest in a separate criminal action and then filed a civil lawsuit against Harris County and a Sherriff's Deputy whom he never served and who never appeared in the case. *Id.* at 108. The undisputed evidence before

17

the Court was that the deputy intentionally shot the plaintiff. *Id.* at 112.

UIW's reliance upon *Texas Dept. of Public Safety v. Petta*, 44 S.W. 3d 575 (Tex. 2001) is wholly unfounded. Petta was convicted of fleeing or attempting to elude a police officer in her criminal case, which arose out of the same facts as her civil action against a State Trooper employed by the Texas Department of Public Safety. *Id* at 576. The basis of the summary judgment dismissal, which was upheld by the Supreme Court, was that Petta was collaterally estopped from re-litigating the underlying facts after her guilty conviction. *Id* at 577.

In both *Petta* and *Cabazos*, plaintiffs specifically pleaded claims not waived by the TTCA. As discussed above, the TTCA does not bar the Reduses' negligence claims and, in any case, UIW is not a "governmental unit." Officer Carter was simply an employee of a private educational institution.

In *City of San Augustine, v. Parrish*, 10 S.W.3d 734 (Tex.App.-Tyler 1999, pet. dism'd w.o.j.), plaintiffs sued for wrongful death arising from a police shooting. The city appealed both the trial court's denial of its plea to the jurisdiction on sovereign immunity and its motion for summary judgment on official immunity. In upholding the trial court's denial of the plea, the court considered only the plaintiffs' pleadings; it rejected the city's reliance on the summary judgment evidence. *Id.* at 739-40.

The plaintiffs alleged that a police officer "negligently shot and killed" the decedent, and that the police officer negligently used his pistol when "such use was not reasonable or reasonably necessary to control or subdue a citizen and negligently endangered those in the vicinity." *Id.* Relying solely on the pleadings, the court held that the intentional tort exclusion did not bar the suit. *Id.* The Court should deny UIW's Plea to the Jurisdiction.

## IV. UIW's argument regarding *respondeat superior* is not properly part of a plea to the jurisdiction and should be dismissed for insufficient notice under Tex. R. Civ. P. 166a.

UIW argues that, as a matter of law, it cannot be held liable in *respondeat superior* because Carter is a licensed Texas peace officer whose immunity is governed by Tex. Educ. Code § 51.212(b) and other statutes defining the authority of licensed peace officers. Appellant's Brief at 33-38. UIW made the same argument in its Plea to the Jurisdiction. CR at 144-148.

Sovereign immunity has two components: immunity from suit and immunity from liability. *See Tooke v. City of Mexia,* 197 S.W.3d 325, 332 (Tex.2006); *Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 405 (Tex.1997). The law is well-settled that immunity from liability does not affect a court's jurisdiction to hear a case and cannot be raised in a plea to the jurisdiction. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d at 696; *TXDOT v. Jones,* 8 S.W.3d at 638–39.

The trial court did not and could not rule on UIW's *respondeat superior* liability; the trial court denied the plea to the jurisdiction. CR at 418. This Court has nothing to review regarding immunity from liability, because the argument cannot be raised in a plea to the jurisdiction. The case UIW cites, *Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337 (Tex. App.—Houston [14th Dist.] 2003, no pet.), demonstrates this standard: The case involves an appeal following a verdict, not an interlocutory appeal of a plea to the jurisdiction. *Id.* at 341.

Because UIW's liability for the acts of its employee cannot be raised in a plea to the jurisdiction, this Court should dismiss this appeal as to UIW's claimed immunity from liability for the acts of its employee.

## V. UIW's argument regarding dismissal of Officer Carter fails because the UIW Campus Police is not a "governmental unit" and the TTCA election of remedies does not apply.

UIW finally argues that this Court must dismiss defendant Christopher Carter under the TTCA's election of remedies provision. See Tex. Civ. Prac. & Rem. Code § 101.106 and Appellant's Brief at 38-39. As explained above, UIW is not a "governmental unit" and is not entitled to the benefits of the TTCA. This Court should dismiss the appeal.

## CONCLUSION AND PRAYER

For these reasons, appellees Valerie Redus and Robert M. Redus, Individually and as Executor of the Estate of Robert Cameron Redus, asks this Court to dismiss this appeal for want of jurisdiction or, in the alternative, deny the plea to the jurisdiction, remand this action to the trial court for further proceedings, and grant appellees all other and further relief to which they are entitled.

Respectfully submitted,

**LAW OFFICE OF BRENT C. PERRY, PC**



_____

BRENT C. PERRY
STATE BAR NO. 15799650
800 COMMERCE STREET
HOUSTON, TX 77002
TEL: (713) 334-6628
FAX: (713)237-0415
BRENTPERRY@BRENTPERRYLAW.COM

**HERRING LAW FIRM**

S/MASON W. HERRING
MASON W. HERRING
STATE BAR NO. 24071746
2727 ALLEN PARKWAY
SUITE 1150
HOUSTON, TEXAS 77019
(832) 500-3170 – TELEPHONE
(832) 500-3172 – FACSIMILE
MHERRING@HERRINGLAWFIRM.COM

**THE HERRERA LAW FIRM**

S/JORGE A. HERRERA
FRANK HERRERA, JR.
STATE BAR NO. 09531000
FHERRERA@HERRERALAW.COM
JORGE A. HERRERA
STATE BAR NO. 24044242
JHERRERA@HERRERALAW.COM
111 SOLEDAD, SUITE 1900
SAN ANTONIO, TEXAS 78205
TEL: 210.224.1054
FAX: 210.228.0887

**ATTORNEYS FOR APPELLEES**

22

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellees' Brief has been served on the following counsel of record by electronic service in accordance with Tex. R. App. P. 9.5(e), on April 22, 2015.

Laurence S. Kurth
Matthew Wymer
Beirne, Maynard & Parsons, LLP
112 East Pecan St., Suite 2750
San Antonio, TX 78205
**Counsel for Defendant UIW**

Robert A. Valadez
Shelton & Valadez
600 Navarro St., Suite 500
San Antonio, TX 78205
**Counsel for Defendant Christopher Carter**

_____
BRENT C. PERRY