**Affirm and Opinion Filed June 22, 2022**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00308-CV

**THIEN AN VO, Appellant**
**V.**
**LINEBARGER, GOGGAN BLAIR & SAMPSON, LLP IN THEIR INDIVIDUAL CAPACITY, Appellee**

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-72811**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

This is an appeal from the trial court's order granting appellee Linebarger, Goggan, Blair, and Sampson, LLP's plea to the jurisdiction. Appellant pro se Thien An Vo raises fifteen issues. We affirm the trial court's order.

### BACKGROUND

On May 11, 2004, the Harris County Commissioner's Court adopted an order authorizing the County Attorney for Harris County to retain the law firm Linebarger, Goggan, Blair, and Sampson, LLP (Linebarger), to recover unpaid tolls owed to the Harris County Toll Road Authority (HCTRA). The contract was amended on March 7, 2006. On May 6, 2016, Linebarger issued an original citation to appellant Thien

An Vo for unpaid tolls. On January 30, 2017, the County Court at Law No. 3 of Harris County issued a no-evidence summary judgment in HCTRA's favor that affirmed the administrative order entered against appellant. On February 24, 2017, appellant appealed the summary judgment to the Fourteenth Court of Appeals, which dismissed the appeal for want of prosecution on November 2, 2017. *See Thien An Vo v. Harris Cty.*, No. 14-17-00152-CV, 2017 WL 5196090, at *1 (Tex. App.— Houston [14th Dist.] Nov. 2, 2017, no pet.) (mem. op.).

Appellant sued Linebarger on November 11, 2020, alleging in part that the firm breached its fiduciary duty to her and practiced law unethically when it represented Harris County and HCTRA during the administrative hearing, and on appeal, to recover unpaid tolls owed to HCTRA. Linebarger filed an answer and raised affirmative defenses that included a claim of governmental immunity pursuant to the Texas Tort Claims Act. Linebarger subsequently filed a plea to the jurisdiction and motion for summary judgment, to which appellant replied. The trial court granted Linebarger's plea and dismissed the case in an order signed on March 30, 2021. This appeal followed.[1]

## Discussion

### I. Plea to the Jurisdiction

Appellant's brief purports to raise fourteen issues on appeal, but her argument

---

[1] This case, along with others, was transferred to this Court by order of the Texas Supreme Court.

is actually comprised of fifteen issues—one issue, thirteen, is really two separate issues. We begin with the four issues that, as we understand appellant's arguments, pertain to the trial court's decision to grant Linebarger's plea to the jurisdiction and dismiss the case. Those issues are as follows:

> 1. Should violations of the United States Constitution be given State Governmental Immunity from suit?
>
> 2. Should violations of Texas Constitution Bill of Rights be given state Governmental Immunity from suit?
>
> 13[b]. When the Defendant itself, had claimed affirmative defenses, implying that the facts raised by the Plaintiff could have and might have happened as stated, did Trial Court give to the Appellant's facts and evidences the proper beliefs, consideration and truth in the Non-movant's favor as required of a standard of judicial review for a Non-movant in a TRCP 166a(c) Plea to the jurisdiction prior to granting the Plea?
>
> 14. Did Trial Court ignore[ ] the validity of the [ ] legal explanations and rulings of both the Texas Appellate Court's and the Texas Supreme Court's depiction of an independent contractor contracted to the Government, as opposed to being the government, or being a governmental unit, in [*Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117 (Tex. 2015)]

We review a trial court's ruling on a plea to the jurisdiction de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). A plea to the jurisdiction based on governmental immunity from suit is a challenge to the trial court's subject matter jurisdiction. *See City of Waco v. Kirwan*, 298 S.W.3d 618, 621 (Tex. 2009); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the

cause." *Miranda*, 133 S.W.3d at 226; *see also Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) ("In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity."); *Williams v. City of Baytown*, 467 S.W.3d 566, 571 (Tex. App.— Houston [1st Dist.] 2015, no pet.) (same).

Linebarger's plea to the jurisdiction was based on a claim of governmental immunity. In its plea, Linebarger argued that the plaintiff's complaint affirmatively proved Linebarger had governmental immunity, and thereby negated the trial court's jurisdiction. The Harris County Commissioner's Court's May 2004 order provided that Linebarger was authorized to collect unpaid tolls owed to the HCTRA: "[T]he Commissioners Court desires to order a revised administrative adjudication hearing procedure to incorporate the contract with the firm of Linebarger Goggan Blair & Sampson for the collection of fines, fees, and costs owed to the. . . HCTRA." The order also stated:

> The County Attorney shall represent Harris County in all hearings and proceedings conducted under this administrative adjudication procedure and shall collect unpaid tolls, charges, fees, fines, and costs, unless Commissioners Court has contracted with a private law firm to perform these services. The County Attorney shall administer and supervise any such contract pursuant to its terms.

Linebarger, to put it simply, was authorized to collect unpaid tolls on behalf of Harris County, subject to the County Attorney's supervision.

Appellant's first amended complaint states that (1) Linebarger is a private law firm; (2) Linebarger's actions were done pursuant to a contract with its clients Harris

–4–

County/HCTRA; (3) Linebarger's attorneys were engaged in the practice of law and its actions were carried out as legal counsel for Harris County/HCTRA; (4) Linebarger attorney Deanna Longo represented HCTRA in the trial courts; (5) Linebarger attorney Nick Nicholas represented HCTRA in the appeals process; and (6) the harm appellant allegedly suffered began on June 28, 2016, when Linebarger "exercised its discretion to prosecute [appellant]" for the unpaid tolls.[2]

HCTRA is a Toll Road Authority, and thus it "is a 'governmental unit' as that term is used in the TTCA [Texas Torts Claims Act], and its operations 'are governmental, not proprietary, functions.'" *Fort Bend Cty. Toll Rd. Auth. v. Olivares*, 316 S.W.3d 114, 127–28 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see also* TEX. TRANSP. CODE § 431.108 ("The operations of a local government corporation are governmental, not proprietary functions."); *Olivares v. Brown & Gay Eng'g, Inc.*, 401 S.W.3d 363, 367–68 (Tex. App.—Houston [14th Dist.] 2013), *aff'd*, 461 S.W.3d 117 (Tex. 2015) (Fort Bend County Toll Road Authority "is a local government corporation and, therefore, a governmental unit for purposes of the TTCA."). Under the Harris County Commissioner's Court's May 2004 order, no motor vehicle could travel on a Harris County toll road without paying the assigned tolls. Harris County is charged with collecting unpaid tolls. Thus, the act of

---

[2] Appellant also states in her appellate brief that, during the oral hearing in the trial court, she answered yes when asked by the court if Linebarger worked for the HCTRA during all the times that the alleged wrongful actions occurred.

collecting unpaid tolls is a governmental function.

Courts have held that an agent such as Linebarger performing a governmental function is entitled to assert governmental immunity. *Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*, 333 S.W.3d 736, 742, 745–47 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *see City of Houston v. First City*, 827 S.W.2d 462, 481 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ("Since the intended purpose of section 101.055 [of the civil practice and remedies code] was to insure immunity to the taxing unit while performing the governmental function of collecting revenue, imposing personal liability upon its agent while performing this governmental function would be contrary to public policy.").

In *Ross*, the plaintiff sued the law firm Linebarger, Goggan, Blair & Sampson, LLP, and several of its lawyers that had represented foreclosing tax authorities when the plaintiff's real property was sold at a tax sale after she failed to pay her taxes. *Ross*, 333 S.W.3d at 739. She claimed that members of the firm had misinformed her regarding key deadlines and that, as a consequence, she had been late in redeeming her property. *Id*. at 738–40. The law firm and lawyer defendants filed a plea to the jurisdiction and motion for summary judgment, alleging they were entitled to governmental immunity for the actions they had taken. *Id*. at 740. The plaintiff opposed this motion on various grounds, one of which was that the lawyer and law firm defendants had not established they were employees of the taxing entities rather than independent contractors. *Id*. at 741. Reviewing the plaintiffs'

petition, the court of appeals observed that it "asserted no facts indicating that the taxing entities did not have the legal right to control the details of the tax-collecting task delegated to Linebarger," and that "Ross has presented no evidence to disprove that Linebarger, as an agent of the Fort Bend taxing authorities, stands as the equivalent of a state official or employee." *See id.* at 742. The court also found that "[e]very allegation in [the] petition against Linebarger relates to actions taken in the process of collecting taxes on behalf of the taxing entities," each of which were "a part of its effort to collect delinquent taxes." *Id.* at 743, 746. The court then concluded that the plaintiffs' pleadings demonstrated that "the true nature of [plaintiffs'] claims is that of claims against Linebarger in its official capacity as an agent of the taxing authorities." *Id.* at 743. As a result, the lawyer and law firm defendants were entitled to assert an official immunity defense, just as though they were actual employees of the taxing entities they represented. *Id.* at 744–46.

In this case, as in *Ross*, all of appellant's claims against Linebarger relate to its efforts on behalf of Harris County to collect the unpaid tolls appellant owed to the HCTRA. The May 2004 order authorized Linebarger to act on Harris County's behalf when it represented the HCTRA in the hearings and proceedings to recover the unpaid tolls appellant owed to the HCTRA. A copy of this order is attached to appellant's response to Linebarger's plea to the jurisdiction. Also, appellant's own pleadings show that Linebarger acted as the HCTRA's attorneys when it pursued the administrative proceeding to recover the unpaid tolls; obtained final summary

judgment against appellant; and defended against appellant's first appeal before the Fourteenth Court of Appeals. Additionally, even though appellant sued Linebarger "in their individual capacity," the true nature of appellant's claims is that of claims against Linebarger in its official capacity as an agent of the HCTRA. *Pickell v. Brooks*, 846 S.W.2d 421, 424 n.5 (Tex. App.—Austin 1992, writ denied) ("We may look through the capacity in which Pickell has sued Brooks to ascertain the true nature of her claims."); *see also Ross*, 333 S.W.3d at 743 (citing *Pickell*, 846 S.W.2d at 424 n.5). We conclude, therefore, that Linebarger is entitled to assert governmental immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.055(1) (Tort Claims Act does not apply to claim arising in connection with the assessment or collection of taxes by a governmental unit); *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000) ("Tax collecting by a city is undeniably a governmental function. As such, any liability for wrongs committed by city officials in performing that function cannot be enforced against the city.").

Generally, we allow litigants to amend their pleadings to cure defects when the pleadings do not allege sufficient jurisdictional facts but do not affirmatively negate jurisdiction. *Texas Dept. of Transportation v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002). If, however, the plaintiff's complaint shows the defendant has governmental immunity, then a trial court may dismiss the plaintiff's claims without allowing her an opportunity to amend. *Texas A & M University System v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) ("[A] pleader must be given an opportunity to

–8–

amend in response to a plea to the jurisdiction only if it is possible to cure the pleading defect."); *Miranda*, 133 S.W.3d at 227 ("If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend.").

In this case, appellant's first amended complaint does not mention governmental immunity or any waiver of it. *See, e.g., Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *Ramirez*, 74 S.W.3d at 867; *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Reed v. Prince*, 194 S.W.3d 101, 104 (Tex. App.—Texarkana 2006, pet. denied). Her allegations, including the alleged constitutional violations, are, in fact, nothing more than conclusory statements, which are insufficient to establish jurisdiction. *E.g., Doe v. Univ. of N. Tex. Health Sci. Ctr.*, No. 02-19-00321-CV, 2020 WL 1646750, at *3 (Tex. App.—Fort Worth Apr. 2, 2020, pet. denied) ("[A] plaintiff does not meet the burden to plead facts affirmatively demonstrating jurisdiction with conclusory allegations; as we have held, if conclusory allegations were sufficient, 'the jurisdictional inquiry would become meaningless.'") (quoting *City of Forest Hill v. Cheesbro*, No. 02-18-00289-CV, 2019 WL 984170, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (mem. op.)); *McLane v. Thomas*, No. 03-18-00439-CV, 2020 WL 1073775, at *7 (Tex. App.—Austin Mar. 6, 2020, pet. denied) ("[C]onclusory allegations are not sufficient to overcome sovereign immunity.").

Accordingly, appellant's pleadings affirmatively negate jurisdiction over her

claims against Linebarger, and the trial court did not err in granting the plea to the jurisdiction. We overrule appellant's first issue, her second issue, the second part of appellant's thirteenth issue, and her fourteenth issue.[3]

## II. Appellant's Remaining Issues

Appellant's remaining eleven issues concern a variety of complaints, none of them, insofar as we can determine, relating to the trial court's decision to grant Linebarger's plea to the jurisdiction or, more specifically, Linebarger's entitlement to governmental immunity. Those issues are as follows:

> 3. Should Attorney's Immunity be applied to violations of United States Constitution, Texas Constitution, State laws and State Penal Codes when such acts are foreign to the duties of a State bar licensed attorney and prohibited by the Rules of Law and the Texas Disciplinary Rules of Professional Conduct . . . ?

> 4. [W]hen All State statutes, laws, codes, rules and legislative classification(s) that were in effect at the time of the signing of HCCC May 11, 2004 Order Contract with the Appellee governs and applies to the contract . . .; [t]herefore, would the State's legislative classification of the Offenses of "Toll Violations" and "Order Violations" in the Texas Code of Transportation in the relevant years of 2015 to 2017 as criminal, class C, Misdemeanor, apply to Appellant Thien An Vo's case?

> 5. Does Authority from the Texas Code of Transportation, for Counties with over 3.3 million people in population, to create a county's proprietary adjudication in the form of an Administrative Hearing. . . authorize or confer power to Harris County Commissioners Court ("HCCC") to suspend laws and/or legislative intent in violation of

---

[3] In her issues one, two, and the second part of her thirteenth issue, appellant also appears to argue that by filing affirmative defenses Linebarger impliedly admitted, as appellant states in her brief, that "the facts raised by the Plaintiff could have and might have happened as stated." Thus, appellant presumably claims the trial court should have accepted appellant's allegations as true and denied the plea to the jurisdiction. But this argument fails because Texas law permits pleading in the alternative, *see* TEX. R. CIV. P. 48; and, as discussed above, the pleadings here affirmatively negate jurisdiction.

constitution. . . . Thus, at the time of her governmental police power prosecution in the HCCC's proprietary Administrative Hearing procedural process, could and did Thien An Vo still retain all of her Rights under the State's and United States Bill of Rights because State legislature had classified her alleged violations to be "criminal"?

6. Harris County Government, while representing the people of Harris county in making contracts for the good of the Harris county general public well[-]being, designated the Appellee as the contracted public officials for administrative, prosecutorial, defensive and appellate legal services in its proprietary HCTRA Administrative Hearing adjudication. . . ; Thus, should the Appellee's loyalty and duty must be given, not only to the contracted Government, but also to the people of Harris County, before its own interest in making money by collecting its contingency fees through any means, lawful or not, under color of law?

7. In being contracted for administrative, prosecutorial, defensive and appellate legal services in HCTRA Administrative Hearing adjudication, the Appellee was given a position of trust, governmental power and unequal bargaining power like such in a special relationship; does the Appellee owe Special Relationship Fiduciary Duty of good faith and fair dealings to: (a) the General Public Harris County citizens, (b) EZ-TAG customers of Harris County Toll Road Authority ("HCTRA"), (c) suspects and Defendants choosing to appear in the HCTRA Administrative Hearing[;] and (d) Appellant Thien An Vo who qualified for all three listed categories (a)-(c) above?

8. In an ordinary course of procedure regarding the announcement of Final Judgment and its terms and conditions upon a "guilty" party, would any Judges in any court of law, or any Administrative Hearing Officers in administrative hearing adjudication, offer to pay the fines, fees, and Court costs for a guilty Defendant that he or she does not personally know or has any relation with?

9. In an ordinary course of procedure regarding the announcement of Final Judgment and its terms and conditions on a "guilty" party, would a reasonable judge in any courts or an Administrative Hearing Officer need ninety days to make a decision whether he/she would pay for the guilty Defendant's fines, fees and court cost? And after having made such a condition as mentioned above, would any sane, fair and reasonable judge or Administrative Hearing Officer double and triple

–11–

the amount of those fees, fines and court costs owed by the Defendant within those ninety day period that he/she had reserved for his/her decision to pay for the Defendant's fees, fines, and costs? Or is this a factual proof of the Appellee's fraudulently and illegally simulating court document(s) and Judge's order in order to extract more money from the Defendant(s) for its contingency fees?

10. In an Administrative Hearing procedural adjudication where (a) the offenses involved are classified by the state legislature as "criminal, Class C, Misdemeanor"; and (b) the Defendant may be immediately arrested and lose her liberty if caught on the Interstate HOV lanes and any toll roads and turn pikes, and (c) where she may lose her property by having her vehicle immediately impounded, and (d) where she may lose the use of her property for her livelihood thirty days after Final Judgment when the device of immobility might be placed on her vehicle by the Government's law enforcement officer and/or a scofflaw hold would be placed on the registration of her vehicle, would this "adopted" proprietary "administrative hearing" prosecution qualif[y] as a governmental police power prosecution?

11. Does [Double] Jeopardy attach to a County governmental police power "civil" prosecution at the moment when the Judge at the hearing [ ] sign[s] a "Final Judgment"?

12. In a County governmental police power "Civil" prosecution, where the County Judge hearing the appeal may not exercise his power of appellate judgment . . . or hear any facts of the case de novo, but must either agree with the Hearing Officer's Final Judgment, or remand the case back to the lower court for continuation . . . , when would, or when should jeopardy be attached?

13[a] In a County governmental police power "Civil" prosecution, when would, or when should the Government be barred from a second citation and second prosecution and a second "Final Judgment" for the same offense(s) even though it had increased the amount of the fees and fines charged in its "First Amended Citation" in order to not resemble those that were charged in its "Original Citation"?

None of these complaints have any relevance to the issue before the trial court,

which was, again, whether Linebarger was entitled to governmental immunity.

Appellant is attempting to raise issues that are immaterial to this appeal, and there is

no need for us to address those complaints here.  *See* TEX. R. APP. P. 47.1; *Lance v. Robinson*, 543 S.W.3d 723, 740 (Tex. 2018) ("Rule 47.1 requires only that the court of appeals address issues necessary to dispose of the appeal."); *see also Conroy v. Wilkerson*, 626 S.W.3d 24, 32 (Tex. App.—El Paso 2021, no pet.) (declining to address certain pro se arguments based on rule 47.1).  We thus overrule appellant's issues three through twelve and the first part of appellant's thirteenth issue.

On this record, we overrule appellant's issues and affirm the trial court's order of March 30, 2021, granting Linebarger's plea to the jurisdiction.


/Lana Myers//
LANA MYERS
210308f.p05                    JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THIEN  AN VO, Appellant

No. 05-21-00308-CV          V.

LINEBARGER, GOGGAN BLAIR
& SAMPSON, LLP IN THEIR
INDIVIDUAL CAPACITY,
Appellee

On Appeal from the 281st District
Court, Harris County, Texas
Trial Court Cause No. 2020-72811.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell
participating.

In accordance with this Court's opinion of this date, the judgment of the trial

court is **AFFIRMED**.  It is **ORDERED** that appellee LINEBARGER, GOGGAN

BLAIR & SAMPSON, LLP IN THEIR INDIVIDUAL CAPACITY recover its costs

of this appeal from appellant THIEN AN VO.

Judgment entered this 22nd day of June, 2022.